# Oates *v.* Bullock.

*Action to recover Damages for False Imprisonment.*

1. *False imprisonment; what necessary to impose liability.*—Any person who procures the issuance of a void warrant is liable in damages to the person named therein and who is arrested under the authority it is supposed to import.

2. *Same; same; when liable though warrant procured on sufficient complaint.*—Where a person makes a sufficient complaint before a justice of the peace charging another with a criminal offense, if, after making such complaint, he by any unlawful act, though its unlawfulness lie only in inadvertence or negligence, causes the magistrate to issue a void warrant, such

person thereby procures the issuance of such void warrant by the officer and is liable to the person who is charged with the offense and arrested under the warrant.

3. *Same; same; same.*—Where a person, though he makes a sufficient complaint before a magistrate, charging another with a criminal offense, by some wrongful act causes the magistrate to issue a void warrant for the arrest of the person charged with the offense, it is not necessary to render him liable for the false imprisonment of the person arrested under the warrant so issued, that the wrongful act on his part should be the sole cause of the issuance of the warrant; since if the fault of the prosecutor combine with the fault of the magistrate in issuing the warrant, the imprisonment is caused by the fault of each and both of them.

4. *Same; same; same; case at bar.*—In an action to recover damages for false imprisonment, it was shown that the defendant carried to a justice of the peace a sheet of paper on which was partly written and partly printed an affidavit charging the plaintiff with a criminal offense, and below the affidavit there was a warrant for his arrest upon said charge. There was no signature to the affidavit, nor to the jurat thereof, nor to the warrant, but blank spaces were left for these signatures. The defendant swore to the facts stated in the affidavit and when given the paper to sign by the justice of the peace, he signed the warrant and then handed the paper to the justice and the latter signed only the jurat to the affidavit. The paper containing the affidavit and warrant thus signed was delivered by the justice of the peace to the constable for the execution of the supposed warrant; the constable arrested the plaintiff under the supposed warrant and committed him to jail. *Held*: That it was open to the jury to find that the defendant's inadvertence and negligence in signing his own name to the warrant caused the justice to sign only the jurat, because that was the only remaining blank space and to omit to sign the warrant, and therefore to issue a void warrant under which the plaintiff was arrested; and upon so finding the jury was authorized to find that the issuance of the void warrant was procured by the defendant, for which he was liable to the plaintiff for his unlawful arrest.

5. *Warrant; void unless signed by officer issuing it.*—A paper in the form of and intended to be a warrant, and issued by a magistrate, is void unless it is actually signed by the magistrate issuing it.

[Oates v. Bullock.]

6. *Action for false imprisonment; employment of counsel not rati-*
   *fication of plaintiff's unlawful arrest; charge of court to jury.*
   In an action to recover damages for false imprisonment, if
   the defendant did not know that the justice of the peace who
   had issued the warrant upon his affidavit had issued a war-
   rant without signing it, and did not know that the plaintiff
   had been arrested under such void warrant, the defendant's
   employment of counsel for the purpose of prosecuting the per-
   son charged with the criminal offense, can not be construed
   into a ratification of the plaintiff's unlawful arrest by the
   constable under the void warrant; and a charge which so in-
   structs the jury should be given at the request of the defend-
   ant.

7. *Action for false imprisonment; admissibility of evidence.*—In an
   action to recover damages for false imprisonment, where it is
   shown that the plaintiff was arrested under a supposed war-
   rant charging him with the offense of removing property on
   which there was a mortgage, and that this warrant was is-
   sued upon an affidavit made by the defendant in the pending
   suit, and in some of the counts of the complaint the defend-
   ant is charged with having maliciously caused the unlawful
   arrest of the plaintiff, the defendant should be permitted to
   prove that the plaintiff had given him the mortgage on cer-
   tain property, and that he had probable couse for believing
   that plaintiff had removed it.

8. *Same; same.*—In such a case, it is permissible for the defend-
   ant to show when the fact that the warrant had been issued
   without the signature of the justice came to his knowledge;
   such fact being pertinent to the inquiry, arising in such case,
   as to whether the defendant ratified the unlawful arrest by
   plaintiff by employing counsel to prosecute him.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JOHN P. HUBBARD.

This was an action to recover damages for false im-
prisonment brought by the appellee against the appellant.

On the trial of the case the plaintiff introduced in evi-
dence the affidavit and warrant which were signed and
issued under the circumstances as stated in the opinion.
This affidavit charged the plaintiff, J. M. Bullock, and
two others with having removed personal property upon
which the defendant, W. S. Oates, had a mortgage, and
the warrant attached to said affidavit commanded the ar-

rest of said Bullock and the two other persons named in the affidavit. The other facts connected with the issuance of the warrant and the arrest of the plaintiff in the present suit are sufficiently shown in the opinion.

The defendant as a witness testified to the making of the affidavit and the signing of the paper as shown in the opinion, and further testified that when he signed said paper he did not notice where he was writing his name; that after signing said paper he requested Solomon, the justice of the peace, to issue the warrant but did not tell him what to do with it; that he did not see the paper after it was left with Solomon and did not give the constable any instructions about arresting the parties before they were arrested; and that he was informed of the day set for trial and was at the court that day and employed counsel to prosecute the parties named in said affidavit and warrant. The defendant was then asked the following question: "Did you have a mortgage executed by the parties named in the warrant on the property described in the affidavit and alleged to have been removed?" The court sustained the plaintiff's objection to this question, and to this ruling the defendant duly excepted. The defendant then offered in evidence a mortgage executed by the plaintiff and the other parties named in the affidavit, describing the property alleged in the affidavit to to have been removed. The plaintiff objected to the introduction of this mortgage in evidence, the court sustained his objection, refused to allow the mortgage to be read in evidence, and to this ruling the defendant duly excepted. The defendant was then asked the following question: "Had the property described in the mortgage been removed by the plaintiff and the other parties named in the affidavit before you called for the warrant?" The plaintiff objected to this question, the court sustained the objection, and the defendant duly excepted. The defendant was then asked the following questions, to each of which the court sustained the plaintiff's objection, and to each of such rulings the defendant separately excepted: "Did the plaintiff admit to you before the affidavit was made

[Oates v. Bullock.]

that he removed the property described in the mortgage?" "When did you first find out the condition of the warrant?" "Did you discover that the paper was signed as it was before you went to court the day set for the trial of the plaintiff?" "After you discovered that the paper was signed as it was did you make any other move in the prosecution of the plaintiff?"

The defendant separately excepted to the following portions of the court's general charge to the jury:  (1.) "That the warrant under which the plaintiff was arrested is void and conferred no authority to arrest the plaintiff."  (2.) "If Oates, the defendant, promoted, encouraged, induced, or set in motion the proceedings by which the alleged warrant in evidence was issued and arrest made, then he cannot escape liability by reason of the failure of the justice of the peace to sign his name thereto, if the plaintiff was arrested by the constable under said warrant."

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked:  (1.) "The court charges the jury that if they believe from all the evidence that the justice of the peace, Solomon, wrote his name on the paper in question, intending it as his signature to the warrant, then they will find for the defendant."  (2.) "The court charges the jury that if they believe that Oates signed the warrant by mistake, intending to sign the affidavit, they may look to that fact along with all the other evidence in determining whether the defendant was prompted by malice in having the plaintiff arrested and confined."  (3.)  "If the jury believe the evidence, they will find for the defendant."  (4.) "If the jury believe from the evidence that at the time Oates appeared before Solomon for a warrant against this plaintiff, he made the affidavit as required by law in such cases, and that he did nothing further towards having the plaintiff arrested and confined, then the plaintiff cannot recover in this action."  (5.) "If the jury believe from the evidence that the defendant signed the warrant intending to sign the affidavit, and that he then

[Oates v. Bullock.]

left the paper with the justice of the peace, with instruction to issue a warrant and deliver the same to the constable, and that such justice of the peace failed to issue the warrant and instead delivered the paper signed by Oates to the constable, and the latter then arrested the plaintiff, then the jury cannot find for the plaintiff, unless they should believe from all the evidence that Oates ratified the act of the constable in arresting and detaining the plaintiff." (6.) "If the jury believe from the evidence that Oates signed the warrant by mistake intending to sign the affidavit, then unless he ratified the action of the constable in arresting and detaining the plaintiff with full knowledge of the facts, they must find for the defendant." (7.) "The court charges the jury that the fact that Oates appeared on the day set for trial and employed counsel to prosecute the plaintiff, will not amount to a ratification of the arrest and detention of the plaintiff by the constable, unless he had full knowledge of all the facts leading up to the arrest and detention."

There were verdict and judgment for the plaintiff, assessing his damages at $35. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

PIERCE & PAGE, for appellant.—Statements of the parties and of the constable made at the time of the arrest are admissible as part of the *res gestae.*—*Rich v. McEnery,* 103 Ala. 345; *Wood v. Barker,* 37 Ala. 60; *Long v. Rogers,* 17 Ala. 540.

Acts and conduct of the defendant after learning condition of the papers under which arrest was made admissible.—*Burns v. Campbell, supra; Rich v. McErcry, supra.* The delivery of the paper in question by the justice of the peace to the constable was an error of the justice, for which Oates, the defendant, was not responsible.—*Chambliss v. Blau,* 127 Ala. 86; *Lunsford v. Dietrich,* 93 Ala. 571; *Boeger v. Langerfeld,* 10 Am. St. Rep. 324, note, page 326. Person who does no more

than prefer complaint to magistrate is not liable in trespass for acts done under the magistrates process issuing thereon.—*Rich v. McEnery, supra; Barker v. Stetson,* 66 Am. Dec. 457 and note.

No counsel marked as appearing for appellee.

McCLELLAN, C. J.—Bullock is plaintiff and Oates defendant in this cause. The first count of the complaint is as follows: "The plaintiff claims of the defendant the sum of one thousand dollars damages for maliciously causing the plaintiff to be arrested and deprived of his liberty on a charge of moving property on which another had a claim, for five days beginning on or about November 14th, 1898." The second count charges that defendant caused the plaintiff to be *unlawfully* arrested and for the rest is a copy of the first count. The third count is also like the first except that it charges that defendant *maliciously* caused the plaintiff to be *unlawfully* arrested. No point was made as to the sufficiency of the complaint, and the defendant by consent pleaded "the general issue in short with leave to give in evidence any matter that might be specially pleaded."

The facts of the case are peculiar. Solomon was a justice of the peace. Oates brought to him a sheet of paper on a page of which was partly written and partly printed an affidavit charging Bullock with the offense of removing mortgaged property, and below the affidavit a warrant for his arrest upon said charge. There was no signature to the affidavit, nor to the jurat, nor to the warrant, but blank spaces were left on the paper for these signatures. Solomon swore Oates to the facts stated in the affidavit, then handed the sheet to Oates for his signature to the affidavit. Oates, inadvertently it may be assumed, *signed the warrant,* handed the paper back to Solomon, and the latter observing no other vacant space for signature signed only the jurat to the affidavit. Oates then left, and afterwards the paper was given by the justice to a constable for the execution of the supposed warrant

[Oates v. Bullock.]

which was a part of it. The constable proceeded to arrest Bullock and confined him for several days and until the day set in the supposed warrant for his trial before the justice. When that day arrived and the prisoner and the prosecutor were in the justice's court, and not before, it was discovered that the justice had not signed the warrant, and, of course, that the paper purporting to be a warrant was not in fact a warrant, but utterly void for want of the justice's signature.

It is elementary that any person who procures the issuance of a void warrant is liable in damages to the person named therein and who is arrested under the authority it is supposed to import. It is equally well settled that a person who makes a proper and sufficient complaint before a magistrate for the purpose of having a proper and sufficient warrant of arrest issued thereon for the person complained against is not liable for false imprisonment when the magistrate without fault on the part of the complainant in fact issues a paper intended to be a warrant but which is void on its face and the person charged is arrested and restrained of his liberty thereunder. Here Oates made a sufficient complaint before the justice against Bullock. His purpose and intention in making that complaint was that a valid warrant should issue thereon and that Bullock should be arrested and held thereunder. The justice did not issue such warrant, though he, too, supposed he was issuing a valid warrant; but in fact issued a paper as a warrant and intended to be a warrant which was utterly void. It is also an elementary principle in this connection that the motives and intentions of the parties concerned in the issuance and execution of a void warrant are immaterial when the action is for damages resulting from an unlawful arrest and imprisonment: motives may be considered in *measuring* the damages but not in determining the existence of the cause of action alleged. So that the inquiry of chief importance in this case is whether there was evidence upon which it was open to the jury to conclude that the defendant, Oates, though he made a sufficient

[Oates v. Bullock.]

complaint, yet *procured* the issuance thereon of a void warrant, and this turns upon what is meant by *procuring* the issuance of the paper within the principle we have stated. The question of his motives and intentions being eliminated, it follows, in our opinion, that any wrongful act of Oates, though its wrongfulness lie only in its inadvertent and negligent character, causing the magistrate to issue a void warrant is the procuring of its issuance by the officer. Nor need the act be the sole cause. If the fault of the prosecutor combine with the fault of the justice, the result flowing therefrom is, in legal contemplation, caused by the fault of each of them, and both. For example: Oates brought this warrant to the justice with the blank space for the statement of the offense filled out, and his conduct was in substance a request that the magistrate sign it as filled out and issue. It happened that the offense was sufficiently stated in the warrant form which Oates presented. But suppose it had not been, suppose the paper presented by Oates for Solomon's signature and issuance had not stated any offense, and Solomon in compliance with Oates' request had signed and issued it as a warrant, would there be any room for saying that Oates did not procure Solomon to sign and issue this void paper? We think not. Solomon too would be at fault, of course, but his fault would be merely consequent upon and contributory to that of Oates in the issuance of the supposed warrant. So here, it was open to the jury to find that Oates' inadvertence and negligence in signing his own name to the warrant when he should have signed only the affidavit, caused Solomon to sign only the jurat because that was the only remaining blank space, to omit to sign the warrant and to issue it with Oates' signature to it. Such conclusion by the jury would be to find that Oates, by his inadvertent, negligent wrong in affixing his signature to the warrant, *procured* the issuance of the void warrant under and by the supposed authority of which the plaintiff was unlawfully arrested and restrained of his liberty. Upon these considerations, we hold that the trial court

35c

properly refused the general charge requested by the defendant and also his requests numbered 5 and 6.

A paper in the form of and intended to be a warrant and issued as such is void unless it is actually signed by the magistrate issuing it. Charge 1 requested by defendant was, therefore, properly refused, and the court did not err in that part of its oral charge in which it declared "that the warrant under which the plaintiff was arrested is void and conferred no authority to arrest the plaintiff."—Code, § 5208.

It cannot be said as matter of law that Oates' negligence in signing his name to the warrant caused Solomon to issue it without his own signature. This was a question for the jury. If they failed to find a causal connection between this act of Oates and the issuance of the void warrant, then it was open to them to find that Oates did nothing toward having a warrant issued other than making the complaint. If so, the complaint being sufficient, the whole fault in issuing the paper would be that of Solomon, the justice, and for its issuance the arrest and confinement of the plaintiff under it, the defendant would not be responsible.—*Chambliss v. Blau*, 127 Ala. 86, and authorities there cited. Charge 4 requested by the defendant asserts this doctrine and should have been given; and the court erred also in that part of its oral charge excepted to which declares in effect that if Oates set in motion the proceedings in which the supposed warrant was issued, i. e., made this complaint, he cannot escape liability for the issuance of a warrant without the justice's signature.

If Oates did not know that the justice had issued a warrant without signing it nor that plaintiff had been arrested under this void writ—and the evidence afforded abundant ground for a conclusion on the part of the jury that he did not—his preparation to carry on the prosecution at the trial could not be contorted into a ratification of plaintiff's unlawful arrest by the constable.—*Burns v. Campbell*, 71 Ala. 271, 290. Charge 7 requested by the defendant should have been given.

[Oates v. Bullock.]

Charge 2 requested by the defendant is argumentative, and gives undue prominence to a singled out fact. Of course, if Oates through mere inadvertence signed the warrant there is no room for an imputation of malice to him for that act.

The complaint, as has been shown, charges in one or more counts that the defendant maliciously caused the unlawful arrest of the plaintiff. Even without such averment of malice in the complaint plaintiff would be entitled to show malice on the part of the defendant to induce the jury to give a larger measure of damages. In view of this, we think the defendant should have been allowed to prove his mortgage on certain property and that he had probable cause for believing that plaintiff had removed it, as charged in the affidavit by which the prosecution was commenced.

The defendant should have been allowed to show when the fact that the warrant had been issued without the signature of the justice came to his knowledge. This was pertinent to the inquiry whether he had ratified the unlawful arrest by employing counsel and appearing on the day set for trial to prosecute the plaintiff.

For the errors pointed out the judgment of the circuit court must be reversed. The cause is remanded.

SHARPE, J., is of the opinion that as matter of law the defendant is not responsible for the absence of the magistrate's signature from the paper called a warrant, and dissents from so much of the majority opinion as holds the contrary. He concurs in the reversal.

Reversed and remanded.