[Civ. No. 2215. First Appellate District.—June 18, 1918.]

SPAULDING & COMPANY (a Corporation), Appellant, v. KATHERINE CHAPIN, Defendant; W. W. CHAPIN, Respondent.

JUDGMENT—MOTION TO VACATE—TIME.—A judgment rendered on a demurrable complaint, but within the relief demanded, is erroneous, but not void, and cannot be set aside on motion made under section 473 of the Code of Civil Procedure after the time for appeal and the time for making such motion has expired.

ID.—SERVICE OF NOTICE OF OVERRULING DEMURRER — ERRONEOUS AFFIDAVIT—JUDGMENT NOT VOID ON FACE.—A judgment is not void on its face and subject to be set aside on motion after the time allowed

by section 473 of the Code of Civil Procedure, because the affidavit of service of notice of overruling of the demurrer to the complaint erroneously showed service to have been made on attorneys not representing the defendant, where the service in fact was made on proper counsel.

ID.—JUDGMENT—WHEN VOID ON FACE.—A judgment is void on its face when that matter is made apparent by an inspection of the judgment-roll.

ID.—DEFECTIVE AFFIDAVIT OF SERVICE—JUDGMENT NOT VOID ON FACE.— Inasmuch as proof of service of notice of decision on demurrer does not constitute part of the judgment-roll within section 670 of the Code of Civil Procedure, the fact that the affidavit of service is defective does not make a judgment thereon void on its face.

ID.—DEFECTIVE NOTICE — ESTOPPEL.—A defendant who has obtained numerous extensions of time after service of notice of overruling demurrer within which to answer is estopped from asserting that the notice was defective.

APPEAL from an order of the Superior Court of the City and County of San Francisco setting aside a judgment. E. P. Shortall, Judge.

The facts are stated in the opinion of the court.

Willard P. Smith, and B. B. Blake, for Appellant.

Bert Schlesinger, for Respondent.

KERRIGAN, J.—This is an appeal from an order setting aside a judgment made after the time for appeal had elapsed and after the time when a motion to vacate the judgment might have been made under the provisions of section 473 of the Code of Civil Procedure. This court heretofore, on January 24, 1918, rendered its judgment on the appeal and reversed the order, but thereafter granted the petition of W. W. Chapin, the respondent, for a rehearing, and has heard further argument upon some of the questions involved.

In view of the fact that the judgment here attacked could properly have been set aside only in the event that it was void on its face, but two of the points discussed in the briefs and upon the arguments will require consideration at this time.

Respondent contends, in support of the action of the trial court in setting aside the judgment recovered against him,

that the judgment was void on its face, and this for two reasons, namely, that the complaint failed to state facts sufficient to constitute a cause of action against him, and that the proof of service of notice of the overruling of his demurrer was insufficient.

From the record it appears that the plaintiff brought suit against the defendants as husband and wife to recover the sum of $1,384.80, alleging in one count that this was the agreed price of certain merchandise sold and delivered to Katherine Chapin, the codefendant of respondent; in another count that it was the reasonable value of those goods, and in a third count that it was the amount of an account stated between plaintiff and said Katherine Chapin. Judgment was asked against both of the defendants. The respondent was served with process, and in due time he served and filed a general demurrer to the complaint, which was overruled; and the respondent having failed to answer within the time allowed by the court and by stipulations, default and judgment were entered against him. More than seven months thereafter, having employed other counsel, who now represent him, he moved to set aside the judgment on the ground, as before stated, that it was void on its face, and therefore an absolute nullity.

There can be no doubt that the demurrer to the complaint should have been sustained; but the court had jurisdiction of the parties and of the subject matter, and as the judgment entered was within the relief demanded, it follows, under the authorities, that, although the judgment be erroneous, it is not void. It was so decided in the case of *Blondeau* v. *Snyder*, 95 Cal. 521, [31 Pac. 591]. There both a mortgagor and the person to whom she conveyed the property, subject to the mortgage, were made parties defendant, and in the prayer of the complaint, in addition to other relief, the plaintiff demanded a deficiency judgment against both defendants. The action was dismissed as to the mortgagor, but her grantee, Mrs. Woodford, having failed to appear, a personal judgment was taken against her. There it was claimed that the complaint did not state facts showing a personal liability on the part of Mrs. Woodford for the mortgage debt, and therefore the court was without jurisdiction to declare such liability, and that the judgment in that respect was void. The supreme court held against

this contention, saying: "The judgment in this respect was within the relief demanded in the complaint and specified in the summons, and the court had jurisdiction, and indeed was required, to determine in that action whether upon the facts alleged the plaintiff therein was entitled to the relief which he demanded in his complaint. The court undoubtedly committed an error in finding such liability, but its judgment was not for this reason void. The error could have been corrected upon appeal from the judgment, or upon a proper showing by motion, if it had been made within the time limited by section 473 of the Code of Civil Procedure, but is is now too late to do so by motion." (See, also, *In re James,* 99 Cal. 374, [37 Am. St. Rep. 60, 33 Pac. 1122]; *Canadian etc. Trust Co.* v. *Clarita Land etc. Co.,* 140 Cal. 672, [74 Pac. 301]; *Brush* v. *Smith,* 141 Cal. 467, [75 Pac. 55]; *McGinn* v. *Rees,* 33 Cal. App. 291, [165 Pac. 52].)

Nor is the judgment void on account of the clerical error in the affidavit of service of the notice of the order overruling the demurrer. Upon this question it appears that at the time the judgment was entered the original affidavit of service of notice of the overruling of the demurrer showed that such service was made upon certain attorneys who did not represent the respondent. Subsequently a corrected return of service was filed showing that service had in fact been made upon the true attorney of record for respondent, and that the statement in the original affidavit of service was an inadvertence. It is the contention of the respondent that the condition of the record at the time the judgment is entered controls, and as the record at that time failed to show a proper service, that the judgment is void. In support of this position we are reminded that the clerk in entering a judgment acts merely in a ministerial capacity, and unless he confines himself strictly within the statute, his acts can have no binding force. It is true that the clerk exercises no judicial functions, and that no intendments can be indulged in support of the validity of his acts. The statute directs the judgment. The clerk acts as the agent of the statute. If the law does not authorize the act, the judgment is without authority and is void. If, however, in a case where the authority of the clerk is undoubted and he errs, his act is not void, but only erroneous. His error can be corrected on motion made in time or on appeal. A judg-

ment, therefore, based on his erroneous exercise of jurisdiction, until modified or reversed is valid. (Freeman on Judgments, secs. 129, 534; 1 Black on Judgments, sec. 88.)

In asserting this doctrine we are not unmindful of the case of *Reinhart* v. *Lugo*, 86 Cal. 398, [21 Am. St. Rep. 52, 24 Pac. 1089], upon which respondent mainly relies, which is to the effect that where the proof of service is defective at the time of entry of judgment, the act of the clerk is invalid and void. That case, however, was expressly overruled in *Herman* v. *Santee*, 103 Cal. 524, [42 Am. St. Rep. 145, 37 Pac. 509], as not being in harmony with the weight of authority upon the subject. Contrary to the doctrine laid down in the Reinhart case, it is the fact of service which confers jurisdiction, and where the proof of such service is absent or defective, it may be amended or supplied. So, as here, where the facts respecting the service of the notice as disclosed by the return on file were not sufficient to establish a valid service, still the judgment will be sustained, even when entered by default, by proof of the actual existence at the time of its entry of the requisite jurisdictional facts. This proof is permitted not for the purpose of authorizing the court to enter a new judgment, but to show that the judgment previously entered was not without jurisdiction, and never was void. (Freeman on Judgments, sec. 89b; *Herman* v. *Santee, supra.*) In this respect we can see no reason in principle for any distinction between judgments entered by a court and those entered by the clerk in pursuance of the terms of the statute.

In *Hallock* v. *Jaudin*, 34 Cal. 167, it is said that, although entered by the clerk in conformity with the statute, the judgment is deemed in law to have been rendered by the court. (See, also, 6 Ency. of Pl. & Pr. 102.) To the same effect is *Dillon* v. *Porter*, 36 Minn. 341, [31 N. W. 56], where it is held that the action of the clerk in entering judgment in cases of this kind is to be taken as the action of the court, and the fact that a particular entry is improper, unauthorized, and erroneous does not render the judgment void any more than if it were entered under the immediate direction of the court itself. In this case it is stated that a contrary doctrine prevails in this state. This declaration, no doubt, is based upon expressions found in some of the earlier cases, culminating in the decision of *Reinhart* v. *Lugo, supra.*

Aside from these considerations we are of the opinion that the judgment was in no manner affected by the defective return. A judgment is void on its face when that matter is made apparent by an inspection of the judgment-roll. Here the service of the notice was not jurisdictional, nor did it form any part of the judgment-roll. Section 670 of the Code of Civil Procedure enumerates what documents constitute that record, and we find no mention of any proof of service of notice of decision upon demurrer, from which it must follow that failure to give such notice does not render the judgment void upon its face. (*Jacks* v. *Baldez*, 97 Cal. 91, [31 Pac. 899] ; *California Central Creameries Co.* v. *Crescent City Light, W. & P. Co.*, 30 Cal. App. 619, [159 Pac. 209].)

Besides this, we are further of opinion that respondent is estopped from asserting that the notice was defective. It appears that his attorney obtained numerous extensions of time from appellant's attorney after the service of the notice within which to answer after demurrer overruled. Under these circumstances he cannot be heard to say that the time allowed him to answer does not begin to run until written notice of the order is given. (*Wall* v. *Heald*, 95 Cal. 364, 367, [30 Pac. 551] ; *Estate of Keating*, 158 Cal. 109, 114, [110 Pac. 109] ; *Bell* v. *Thompson*, 8 Cal. App. 483, [97 Pac. 158].)

Our attention has been called to the fact that the clerk erroneously entered judgment for an amount greatly in excess of what was actually due. While this act does not, as claimed, affect the judgment (*Bond* v. *Pacheco*, 30 Cal. 530), it is the duty of counsel for the appellant to see to it that respondent be credited with the excess amount. It is only fair to state that recognizing their duty as attorneys, counsel for appellant have expressed their willingness so to do, and beyond question the error will be rectified.

From what we have said it follows that the court, having no jurisdiction to set the judgment aside, the order so doing constituted error, and it is hereby reversed.

Beasly, J., *pro tem.*, and Zook, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 17, 1918.