## DOUGAL v. WHITE.

No. 10689—Opinion Filed March 27, 1923.

(Syllabus.)

1. New Trial — Application After Term — Requisites.

Where a party makes application for a new trial, after the term at which the decision was rendered, upon the ground of impossibility of making a case-made, he must, as required by section 5037, Rev. Laws 1910, make such application by petition filed in the original case not later than the second term after such discovery, and a summons shall issue, be returnable and served, or publication made, as in the beginning of a civil action; or such service may be made on the attorney of record in the original case.

2. Same — Noncompliance with Statute — Affirmance.

On account of plaintiff's failure to comply with the statute, the judgment of the trial court is affirmed.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by Bessie Dougal against Ewers White for damages for slander. Judgment for defendant. Petition for new trial overruled, and plaintiff brings error. Affirmed.

H. W. Carr, for plaintiff in error.

Embry, Johnson & Kidd, for defendant in error.

KANE, J. This was an action for damages for slander and defamation of character commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below.

Upon the first trial of the cause, the plaintiff recovered judgment in a substantial sum, which judgment was reversed by the Supreme Court and a new trial granted. Upon the new trial the defendant prevailed, whereupon the plaintiff prayed for and was granted an appeal to the Supreme Court.

Later it appears that the court reporter failed to furnish the plaintiff with a case-

made or transcript of the record within the six months provided by law for filing a proceeding in error in the Supreme Court.

Thereupon the plaintiff abandoned her appeal and filed a motion for a new trial in the district court under the 9th subdivision of section 5033, Rev. Laws 1910, which provides: That a new trial may be granted when, without the fault of the complaining party, it becomes impossible to make a case-made. This motion for a new trial, which was filed after the term at which the judgment was rendered, was overruled by the trial court, and it is to review this action that this proceeding in error was commenced.

The record shows that the motion for a new trial was filed after the term at which the judgment complained of was rendered. Therefore, in the matter of procedure, the plaintiff was required to follow section 5037, Rev. Laws 1910, which provides, in substance: Where the ground for a new trial is the impossibility of making a case-made without fault of the complaining party, the application may be made after the term at which the decision or the verdict was rendered, by petition filed in the original case, on which a summons shall issue, etc.

It is urged by counsel for the defendant in error that neither the trial court nor this court on appeal has jurisdiction over the matter, because the plaintiff proceeded by filing the ordinary motion for a new trial required where the same is filed at the same term the decision or verdict was rendered, and did not make application for a new trial by petition filed in the original case, not later than the second term after the discovery of the impossibility of making a case-made, and that she did not have summons issued or publication made, or service on the attorney of record in the original case as required by section 5037, supra.

This contention seems to be well taken. We take it that it is elementary law that where a party seeks to avail himself of a statutory remedy, he must comply with the provisions of the statute invoked with substantial accuracy. This in our judgment, the plaintiff failed to do in the particulars hereinbefore pointed out.

We do not recall that the procedural aspects of the statute involved herein have previously been under consideration by this court, but a similar question arose in First State Bank of Indiahoma v. Carr, 72 Oklahoma, 180 Pac. 856. In that case it was sought to set aside a judgment on the ground of fraud. The statutes, sections 5267 and 5269, Rev. Laws 1910, give the district court the power to vacate or modify its own judgments or orders after the term at which such judgment was entered for fraud practiced by the successful party, in obtaining the judgment, and provide that the procedure to vacate or modify such judgment shall be by petition, verified by affidavit, setting forth the judgment, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant, and that on such petition a summons shall issue and be served as in the commencement of an action. It was held:

"In a proceeding to vacate a judgment for fraud practiced by the plaintiff in obtaining it, the petition must be verified by affidavit, must set forth the judgment complained of, and fully state the facts constituting the defense."

For failure to follow the procedure provided for by the statute, the proceeding was dismissed.

We think this case is analogous to the case at bar and justifies the holding that where a party makes application for a new trial, after the term at which the decision was rendered, upon the ground of impossibility of making a case-made, he must as required by section 5037, Rev. Laws 1910, make such application by petition filed in the original case not later than the second term after such discovery, and a summons shall issue, be returnable and served, or publication made, as in the beginning of civil actions; or such service may be made on the attorney of record in the original case.

On account of plaintiff's failure to comply with the statute, the judgment of the trial court is affirmed.

JOHNSON, C. J., McNEILL, V. C. J., and KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.