## ANDERSON v. LYNCH.

No. 14405—Opinion Filed Dec. 11, 1923.

1. **New Trial—Grounds—Impossibility of Completing Case-Made—Compliance with Statute.**

In order to procure a new trial, after the term at which the judgment was rendered, upon the ground of the impossibility of making a case-made, without fault of the complaining party, an application therefor must be made by petition filed in the original case, not later than the second term after such discovery, and a summons shall issue and be returnable and served or publication made, as in the beginning of civil actions, or such service may be made on the attorney of record in the original case. Held, that an order granting a new trial after the term at which the judgment was rendered, on the ground of impossibility to make a case-made, is void for want of jurisdiction unless there is a substantial compliance with these statutory provisions.

2. **Judgment — Vacation After Term — Judgment "Void on Face."**

A judgment is void on its face when it requires only an inspection of the judgment roll to show its invalidity. A judgment void on its face may be vacated, on motion, after the term at which it was rendered.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Henry Anderson, an incompetent, by his next friend and guardian, John B. Benedict, against R. E. Lynch. Judgment for defendant, and plaintiff brings error. Affirmed.

Vilas V. Vernor, for plaintiff in error.

Benjamin C. Conner and Harry A. Tallman, for defendant in error.

Opinion by JARMAN, C. This action was commenced in the district court of Creek county by Henry Anderson against R. E. Lynch, to recover real estate and to quiet title thereto. Judgment was rendered for the defendant on March 19, 1921, and, on the same day, the plaintiff filed a motion for a new trial, which was overruled, and the plaintiff saved exceptions to the ruling of the court and properly made his record preparatory to perfecting an appeal to the Supreme Court, and for good cause shown, was granted an extension of time in which to prepare and serve case-made; thereafter, orders granting additional time to prepare and serve case-made were made by the trial judge, and on August 27, 1921, the plaintiff filed a verified motion for a new trial, based on the ninth subdivision of section 572, Comp. Stat. 1921, in which he alleges that, on account of the court reporter having lost his notes, it had become impossible to make a case-made: on the same day, August 27, 1921, this motion was heard and the court made and entered an order granting a new trial of said cause on account of the liability of the plaintiff to prepare a case-made. On September 9, 1921, the defendant entered a special appearance and challenged the jurisdiction of the court to entertain any further proceedings in connection with said cause, and moved the court to set aside the former order granting a new trial for the reason that no summons was issued and served upon the defendant as required by the statute, which was necessary in order to vest the court with jurisdiction to hear and determine the application of the plaintiff for a new trial. On March 10, 1923, the court made and entered an order sustaining the motion of the defendant to vacate and set aside the former order granting a new trial of said cause

and dismissed said action, from which the plaintiff appeals to this court.

The record discloses that the order of the court, granting a new trial, was based upon a motion which was filed after the term at which the judgment in the cause was rendered. The procedure for entertaining and disposing of said motion is prescribed in section 576, Comp. Stat. 1921, which provides:

"Where the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term at which the verdict or decision was rendered or made or report of the referee approved, or where the impossibility of making a case-made, without fault of the complaining party, arose after said term, the application may be made by petition filed in the original case, not later than the second term after such discovery or occurrence; on which a summons shall issue, be returnable and served, or publication made, as in the beginning of civil actions, or such service may be made on the attorney of record in the original case. The facts stated in the petition shall be considered as denied without answer, and if the service shall be complete in vacation, the case shall be heard and summarily decided at the ensuing term, and if in term, it shall be heard and decided after the expiration of twenty days from such service. The case shall be placed on the trial docket, and the witness shall be examined in open court, or their depositions taken as in other cases; but no such petition shall be filed more than one year after the final judgment was rendered.

An examination of the record shows that no attempt was made to comply with the requirements of this statute, and, therefore, the court had no jurisdiction to entertain said motion to grant a new trial.

"While great discretion is allowed the trial court in the control of its jurisdiction and orders, and in the exercise of its power to vacate or modify the same at the term at which the same was rendered or made, yet the court is without jurisdiction, at a subsequent term, to take any steps toward vacating or modifying a judgment or order of the court, unless there is a substantial compliance with the terms of the statute." Continental Gin Co. v. Arnold, 66 Okla. 132, 167 Pac. 613; Freeman v. Bryant, 76 Okla. 51, 184 Pac. 76.

This question is fully discussed and disposed of in the case of Dougal v. White, 89 Okla. 107, 213 Pac. 868, and at page 869 the following language is used:

"It is urged by counsel for the defendant in error that neither the trial court nor this court on appeal has jurisdiction over the matter because the plaintiff proceeded by filing the ordinary motion for a new trial required where the same is filed at the same term the decision or verdict was rendered, and did not make application for a new trial by petition filed in the original case, not later than the second term after the discovery of the impossibility of making a case-made, and that he did not have summons issued or publication made, or service on the attorney of record in the original case as required by section 5037, supra, (Rev. Laws 1910). This contention seems to be well taken. We take it that it is elementary law that, where a party seeks to avail himself of a statutory remedy, he must comply with the provisions of the statute invoked with substantial accuracy."

The plaintiff contends that the order or judgment of the court granting a new trial is an appealable order, and that the defendant could not attack said order at the subsequent term by a motion, and that said order granting a new trial has become final since the defendant did not appeal therefrom, nor move to set aside the same at the same term of court at which it was made. This contention is without merit for an inspection of the judgment roll shows that the court was without jurisdiction to entertain the motion for a new trial for the reasons above given; and, therefore, the order granting a new trial is void upon its face and could be attacked by a motion after the term at which it was granted. A judgment is void on its face when it requires only an inspection of the judgment roll to demonstrate its invalidity. The judgment roll does not consist merely of the journal entry of the judgment, but it contains the petition, the process, the return, the pleadings subsequent thereto, reports, verdicts, orders, judgments and all material acts and proceedings of the court. Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681.

No error appearing in the record, the judgment of the trial court is affirmed.

By the Court: It is so ordered.