[Civ. No. 4604.  Second Appellate District, Division One.—January
9, 1924.]

## HUGH H. HINDS, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

[1] DEFAULT—APPLICATION FOR RELIEF—TIME.—An application for relief from a default taken against a party through his mistake, inadvertence, surprise, or excusable neglect must be made within six months after such default was taken; and the clerk's entry of the default and not the entry of the judgment fixes the beginning of the six months within which the application must be made.

[2] ID.—MISPLACEMENT OF AFFIDAVIT OF SERVICE—ERRONEOUS ATTEMPT TO CANCEL DEFAULT.—Where the necessary affidavit of proof of service on which the right to enter the default of the defendants depends is left with the clerk for filing, but inadvertently is filed with the papers in another case, the clerk has authority to enter the default, and his right and duty so to do on demand of plaintiff is not affected by such misplacement of the document proving the service; and where, upon the filing of such affidavit and on demand of plaintiff, the default of defendants is regularly entered, its validity cannot be affected by the subsequent erroneous act of the clerk in attempting to cancel the same.

[3] ID. — REGULAR ENTRY — TIME TO APPLY FOR RELIEF. — The default of the defendants having been regularly entered by the clerk after he had received for filing an affidavit showing service of the amended complaint, and the judgment not being void upon its face, the six months' limit of time for making application to set aside the default was applicable.

[4] ID.—SERVICE OF AMENDED COMPLAINT—PROOF.—Plaintiff having served a copy of his proposed amended complaint upon defendants at the time he gave notice of application to the court for permission to file such amended complaint, a subsequent personal service of the amended complaint after the court made its order allowing plaintiff to file the same was not necessary, where such service was followed by the filing of the same amended complaint after the order had been made and, at the hearing of plaintiff's application, defendants' attorney was present in court, contesting the motion, which motion was then and there granted.

PROCEEDING in Certiorari to review an order of the Superior Court of Los Angeles County setting aside a default. Victor R. McLucas, Judge. Order annulled.

The facts are stated in the opinion of the court.

Alfred E. Dennis for Petitioner.

C. M. Johnson for Respondent.

CONREY, P. J.—This is a proceeding on writ of review in relation to an order made by respondent court granting an application to set aside the default of the defendants in an action wherein petitioner Hinds was plaintiff and Charles M. Johnson and Donald Johnson were defendants. The default had been entered on the fourth day of January, 1923. The motion to set aside default was made upon the ground that the default of the defendants was taken and entered by reason of mistake, inadvertence, and excusable neglect of the defendants to file their appearance in said action, and on the ground that neither of the defendants nor their attorney were served with copies of the notice of motion to file an amended complaint, filed on November 28, 1922, and upon the ground that neither of the defendants was served with notice of the order of the court made on December 5, 1922, granting permission to file an amended complaint, and on the ground that neither of the defendants nor their attorneys were served with a copy of the amended complaint filed on December 6, 1922.

The application of the defendants for an order to set aside said default was presented to the court on the twenty-first day of September, 1923, pursuant to notice thereof served and filed on the fourteenth day of that month.

[1] An application for relief from a default taken against a party through his mistake, inadvertence, surprise, or excusable neglect must be made within six months after such default was taken. (Code Civ. Proc., sec. 473; *McLain* v. *Llewellyn Iron Works,* 56 Cal. App. 58 [204 Pac. 869].) In the cited case it was held in accordance with an earlier decision by the supreme court that the clerk's entry of the default and not the entry of the judgment fixes the beginning of the six months within which the application must be made. [2] Counsel for respondent contends that the entry of default as made by the clerk on January 4, 1923, was void because the clerk did not at that time have before him proof of service of the amended complaint, upon

which service the right to enter the default depended; that the clerk having discovered this defect later destroyed and erased the entry; that the clerk did not again enter the order for default until July 23d, and then attempted to enter the order *nunc pro tunc* as of January 4th; that a clerk has no authority to enter an order *nunc pro tunc*. From the affidavit of the clerk who entered the default, which affidavit was used on the motion now under review, it appears that the necessary affidavit of proof of service on which the right to enter the default depended had been left with the clerk for filing, but inadvertently had been filed with the papers in another case. On this condition of the record we are of the opinion that the clerk had authority to enter the default on January 4, 1923, and that his right and obligation so to do on demand of the plaintiff was not affected by such misplacement of the document proving service of the amended complaint. ''It is the fact of service which confers jurisdiction.'' (*Spaulding & Co.* v. *Chapin*, 37 Cal. App. 573, 577 [174 Pac. 334, 335].) The default thus having been regularly entered, its validity could not be affected by the erroneous act of the clerk in attempting to cancel the same.

[3] Respondent further contends that on the motion to open default there were affidavits on file denying personal service on the defendants of the amended complaint; that the court had jurisdiction to pass on this question, and that the court had a right to find, and presumably did find, that the amended complaint had not been served on the defendants; that this being so, the court had authority under the provisions of said section 473 of the Code of Civil Procedure to set aside the judgment and allow the defendants to answer at any time within one year after the rendition thereof. In this connection it should be noted that this contention of respondent is based upon a claim that there was a total absence of service of the amended complaint and not on the ground that the default rested upon constructive service only. But since, as we have held, the default was regularly entered by the clerk after he had received for filing an affidavit showing service of the amended complaint, and since the judgment was not void on its face, it follows that the six months' limit of time for making the application was applicable to the case. (*Jacks* v. *Baldez*, 97 Cal.

65 Cal. App.—15

91 [31 Pac. 899]; *Spaulding & Co.* v. *Chapin,* 37 Cal. App. 573, 578 [174 Pac. 334]; *Young* v. *Fink,* 119 Cal. 107 [50 Pac. 1060].)

[4] It has been further suggested that the proof of service of the amended complaint was insufficient to authorize the entry of default because the affidavit on which the clerk relied only proved personal service of the amended complaint at the time of giving notice of application to the court for permission to file such amended complaint, and that there was no proof of a subsequent personal service of the amended complaint after the court made its order allowing plaintiff to file the same. We are of the opinion that the one service of the proposed amended complaint at the time of giving notice of the motion was sufficient, when followed by filing of the same amended complaint after the order had been made. The court minutes of December 5th, of the hearing at that time, showed the presence in court of defendants' attorney, contesting the motion, which motion was then and there granted.

The order of respondent court setting aside the default of the defendants in said action is annulled.

Houser, J., and Curtis, J., concurred.