## Wilson v. Commonwealth.

(Decided December 8, 1925.)

### Appeal from Muhlenberg Circuit Court.

1.  Criminal Law—Intoxicating Liquors—Affidavit for Search Warrant, Merely Stating Affiant's Suspicions, Fatally Defective, and Evidence Obtained Under Warrant Issued Thereon Incompetent.—Affidavit for search warrant for intoxicating liquor, which merely stated affiant's suspicions, without alleging information or belief, source of suspicions, name of informer, or facts by which officer could determine existence of probable cause, was fatally defective; and evidence obtained under search warrant issued pursuant thereto was incompetent.

2.  Intoxicating Liquors—Discrepancies Between Identity of Property in Affidavit and Search Warrant Fatal.—Where affidavit for search warrant stated affiant suspected M. was in possession of liquor on his premises, without describing them, but search warrant directed a search of residence of one W., search was unauthorized, there being nothing in record to indicate their identity.

3. Searches and Seizures—Search Warrant Containing Typewritten Signature of Judge Fatally Defective Without Testimony that Officer thus Signed His Name.—Where a search warrant bore the typewritten name of the police judge, such warrant was fatally defective where no one testified that the judge had thus signed his name.

LUKE TEAGUE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Appellant was convicted in the police court of Central City for having intoxicating liquor in his possession. On appeal to the circuit court a similar judgment was rendered and he has appealed to this court.

The Commonwealth witnesses were police officers, who, acting under a search warrant, searched the premises of appellant and thereby procured the incriminating evidence adduced on the trial, the admissibility of which is relied on as error.

The original affidavit and search warrant have been brought before this court by *subpoena ducus tecum.* The affidavit reads:

"The affiant, N. S. Crowe, states that he lives and resides in the city of Central City and that he is a member of the police force of that city and he has information and therefore states there are reasonable grounds to suspect and that he does suspect that one Henry Menters has in his possession in and on or about his residence and in his possession on his premises intoxicating liquors unlawfully acquired and possessed by him and that in order to find said liquors it is necessary to search said residence and premises and the affiant asks that a search warrant be issued authorizing such search to be made."

The search warrant is in these words:

"You are commanded to search the house now used and occupied by L. J. Wilson as a residence and the outbuildings and premises adjacent thereto. Said residence is situated in Central City, Muhlenberg county, Ky., on R. R. street, and if you find on said premises or in or about said residence or build-

ing any spirituous, vinous or malt liquors you will seize them and take possession of same, deliver them, together with this writ, to me at my office as speedily as possible.

"Witness my hand this the 9th day of August, 1924.

"H. Coche, Police Judge."

The affidavit merely states the affiant's suspicions. It does not even allege that he has information and belief on the question, nor state the source of his suspicions nor the name of his informer. It contains no statement of fact upon which the officer could determine the existence of probable cause. Clearly it afforded no basis for the issual of a search warrant, and therefore the evidence is incompetent. Price v. Com., 195 Ky. 711.

Again the suspicions in the affidavit are directed at *Henry Menter* and it is suggested that *he* was in possession of liquor on *his* premises without describing them. The search warrant directs a search of the residence of L. J. Wilson, and there is nothing in the record indicating the identity of the two properties.

In the third place the search warrant bears the typewritten signature of "H. E Coche, police judge." No one has testified that Coche, as police judge of that city, thus signed his name to that instrument, and in this respect the warrant is fatally defective, even we assume that an officer may thus sign an official document, a question not decided.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.