## BYRD et al. v. COMMONWEALTH.

Court of Appeals of Kentucky.

Oct. 9, 1953.

Joe S. Feather, Williamsburg, for appellants.

J. B. Buckman, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

SIMS, Chief Justice.

Appellants, Connie Byrd and Sam Wetmore, on a joint trial were convicted of illegally possessing intoxicating liquor in local option territory for the purpose of sale and the punishment of each was fixed at a fine of $50 and confinement in jail for 30 days. On their motion for an appeal they insist: (a) that the trial judge erred in not excluding the evidence obtained under a void search warrant which was not signed by the county judge; (b) had this incompetent evidence been exclud-

ed, there was no evidence to sustain the conviction.

There is no contrariety in the testimony as to the failure of the county judge to sign the search warrant. It is admitted that the name of Everett Faulkner, the County Judge of Whitley County, was signed to the search warrant by Edward Grayson, the secretary or stenographer of Judge Faulkner, at the request and in the presence of the Judge. We have held in at least two cases, Miller v. Commonwealth, 201 Ky. 423, 257 S.W. 3; and Divine v. Commonwealth, 236 Ky. 579, 33 S.W.2d 627, that a search warrant purporting to be issued by a county judge must be signed by him, and is void where signed for him by some one else even in his presence and at his request.

The learned assistant attorney general who briefed the case for the Commonwealth argues strenuously that our rule is too rigorous and the Miller and Divine opinions should be modified to the extent that where the county judge's name is signed to a search warrant in his presence and at his direction to his clerk or secretary, same should be held to be signed by the county judge; or at least, that such signing makes the search warrant voidable and not void, citing State ex rel. Davis v. Police Jury of Webster Parish, 120 La. 163, 45 So. 47; Bryan v. Ker, 222 U.S. 107, 32 S.Ct. 26, 56 L.Ed. 114. Neither of these cases involved a search warrant. Nor is the domestic case of McKenna v. Nichols, 295 Ky. 778, 175 S.W.2d 121, in point; as it merely holds that a de facto clerk of the county court whose appointment was irregular may retain statutory fees received from litigants for services performed for them.

Section 10 of our Constitution and the Fourth Amendment to the Federal Constitution are practically the same in guaranteeing citizens to be free in their persons, houses, papers and possessions against unreasonable search and seizure, and no warrant shall issue for a search except upon probable cause supported by affidavit. The privacy of a citizen's home and his personal effects are thus made safe against the government and its agents by these sections which say these sacred rights may not be violated before arrest except by virtue of a search warrant. See Youman v. Commonwealth, 189 Ky. 152, 224 S.W. 860, 13 A.L.R. 1303, and authorities there cited, for a full discussion of the sanctity of a citizen's freedom against unreasonable search and seizure. It is there written that the rules of law pertaining to search warrants are of more than ordinary strictness. Courts never regard lightly the extraordinary and unusual procedure authorized by search warrants and are ever mindful of the constitutional guarantee to citizens to be free from unreasonable search and seizure. If it were not so, officers in their zeal to enforce the criminal laws, especially those forbidding the unlawful traffic in intoxicating liquors, would not regard the constitutional safeguard as seriously as the framers of the Constitution of Kentucky and the Constitution of the United States intended.

The Miller and Divine opinions point out the difference between a private individual and a judicial officer authorizing another to sign his name, and how wide the door for fraud could swing open if a judicial officer were allowed to delegate to another the right to sign his name to legal documents. When we consider the constitutional guarantee to citizens to be free from unreasonable search and seizure, along with the fraud which might be perpetrated against this right if a judge could authorize another to sign his name to a search warrant, even in the presence of the judge, we have no doubt of the soundness of the Miller and the Divine opinions; consequently, we refuse to modify them.

The only other proof introduced against appellants was that their reputations were bad for trafficking in liquor. We have many times written that while the reputation of an accused in a liquor prosecution is admissible as substantive evidence, such proof standing alone is not suf-

ficient to sustain a conviction. De Attley v. Commonwealth, 310 Ky. 112, 220 S.W.2d 106, and authorities there cited.

The motion for an appeal is sustained, the appeal granted and the judgment reversed for proceedings consistent with this opinion.