316 So.2d 233

**Effie KELLEY, alias**

v.

**STATE.**

**3 Div. 297.**

Court of Criminal Appeals of Alabama.

Feb. 18, 1975.

On Rehearing April 1, 1975.

Howard A. Mandell, and John D. Cates, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Eric A. Bowen, Asst. Atty. Gen., for the State, appellee.

CATES, Presiding Judge.

Affirmed.

All the judges concur.

ON REHEARING

CATES, Presiding Judge.

Buying, etc., stolen goods: sentence, three years in the penitentiary.

Originally we affirmed the judgment below. However, in her application for rehearing appellant points out—without contradiction by the State—that the search warrants used to retrieve the stolen copper from her home were not signed by the municipal judge.

There is no common law authorizing search warrants. Statutes authorizing searches are strictly construed against the prosecution in favor of the liberty of the citizen. *Commonwealth v. Monosson,* 351 Mass. 327, 221 N.E.2d 220; 79 C.J.S. Searches and Seizures § 7.

Our Legislature has in Code 1940, T. 15, § 100 defined a search warrant thus:

> "A search warrant is an order in writing in the name of the state, *signed by a magistrate,* directed to the sheriff, or to any constable of the county, commanding him to search for personal property, and bring it before the magistrate."

(Italics added).

Often rules relating to arrest warrants parallel those applying to searches and vice versa. Significantly unsigned arrest warrants have been held void. *Oates v. Bullock,* 136 Ala. 537, 33 So. 835 (warrant utterly void).

Specifically as to unsigned search warrants we have noted *Wilson v. Commonwealth,* 211 Ky. 709, 277 S.W. 1019; *Byrd v. Commonwealth* (Ky.), 261 S.W.2d 437; *Turner v. Commonwealth* (Ky.), 328 S.W. 2d 413, and *State v. Cochrane,* 84 S.D. 527, 173 N.W.2d 495.

Since the search warrant was not signed by the municipal judge, it is our opinion that it was void on its face and any search and seizure made thereunder was un-

authorized and illegal. A judgment is void on its face when it only requires an inspection of the judgment roll to demonstrate its invalidity. *Colquett v. Williams,* 269 Ala. 383, 113 So.2d 347; *Anderson v. Lynch,* 94 Okl. 137, 221 P. 415; *Spaulding & Co. v. Chapin,* 37 Cal.App. 573, 174 P. 334. The same is true of a search warrant when it shows on its face that it lacks the signature of any magistrate, such being the only authorized officer to put life in the paper.

■■ The constitutional right of an individual to be secure in person and effects from an unreasonable search and seizure may be waived provided it is done voluntarily. A distinction is recognized between submission to apparent authority of an officer acting under a warrant,[1] and unqualified consent. 68 Am.Jur.2d, Searches and Seizures, § 47. The intent to waive the constitutional immunity must be positively established and the burden of proof is upon the party alleging the waiver.

In *Fahy v. Connecticut,* 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171, we find:

"* * * We find that the erroneous admission of this unconstitutionally obtained evidence at this petitioner's trial was prejudicial; therefore, the error was not harmless, and the conviction must be reversed. We are not concerned here with whether there was sufficient evidence on which the petitioner could have been convicted without the evidence complained of. The question is whether there is a reasonable possibility that the

evidence complained of might have contributed to the conviction."

Accordingly, the judgment below is reversed and the cause remanded for a new trial.

Application granted.

Reversed and remanded.

All the Judges concur.

---

1. We quote from *Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797:

"The issue thus presented is whether a search can be justified as lawful on the basis of consent when that 'consent' has been given only after the official conducting the search has asserted that he possesses a warrant. We hold that there can be no consent under such circumstances.

"When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given. This burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority. A search con-

ducted in reliance upon a warrant cannot later be justified on the basis of consent if it turns out that the warrant was invalid. The result can be no different when it turns out that the State does not even attempt to rely upon the validity of the warrant, or fails to show that there was, in fact, any warrant at all.

"When a law enforcement officer claims authority to search a home under a warrant, he announces in effect that the occupant has no right to resist the search. The situation is instinct with coercion—albeit colorably lawful coercion. Where there is coercion there cannot be consent."