OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed. Defendant, convicted upon a plea of guilty of perjury in the third degree (Penal Law, § 210.05), challenges the propriety of *765 the denial of his motion to suppress certain conversations recorded by means of electronic surveillance, maintaining that the District Attorney lacked statutory authority to seek issuance of the wiretap orders. We reject this contention.
The conduct described in the affidavits submitted in support of these applications for eavesdropping warrants pursuant to CPL 700.10 (subd 1) had a sufficient nexus to Bronx County to authorize the Bronx County District Attorney’s investigation and concomitant applications for the challenged electronic surveillance. The information supplied by the District Attorney revealed the existence of a scheme to affect the parole status of an inmate at Wallkill Correctional Facility. Subpoenaed telephone records indicated that a number of telephone calls had been made to correction officers at various facilities from the Rosedale Bar in Bronx County. One of the recipients of these calls, a correction officer at the Attica Correctional Facility, contacted by the District Attorney, informed the latter of a scheme to effect through bribery a transfer of a William "Red” Crabbe from Wallkill to Bedford Hills Correctional Facility. Agreeing to work with the District Attorney, the correction officer engaged in further discussion of Crabbe’s parole status over the telephone with an individual by the name of John Prunty. Prunty, who was on parole for a homicide conviction in Bronx County, had been observed frequenting the Rosedale Bar, from which, as previously noted, telephone calls had been made to correction officers, including the call to the correction officer at Attica who agreed to work with the District Attorney.
In our view, these contacts with Bronx County were sufficient to permit the Bronx County District Attorney to investigate this on-going scheme involving such crimes as bribery, rewarding official misconduct and conspiracy. To effectuate this investigation, the District Attorney certainly had the authority, pursuant to CPL 700.10 (subd 1), to seek issuance of wiretap orders. We have examined the remainder of defendant’s contentions and find them without merit.