COMMONWEALTH vs. DONALD BICKFORD & another.[1] December 5, 1984. *District Attorney. Electronic Surveillance. Evidence,* Wiretap.

The defendants are awaiting trial on indictments for gaming offenses. See G. L. c. 271, §§ 17, 17A. Prior to trial, the defendants moved to suppress evidence obtained as a result of wiretaps. See G. L. c. 272, § 99. A Superior Court judge denied the defendants' motions to suppress the wiretap evidence. Pursuant to Mass. R. Crim. P. 34, 378 Mass. 905 (1979), the judge reported the correctness of his decision to the Appeals Court.[2] We transferred the case to this court on our own motion. We affirm.

The defendants argue that the district attorney lacked authority to apply for a warrant to wiretap outside his district. This issue has been decided adversely to the defendants. See *Commonwealth* v. *Assad, ante* 418, 423 (1984); *United States* v. *Smith,* 726 F.2d 852, 861 (1st Cir. 1984). Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520 (1982), "does not purport to dictate to states what the geographical authority of their enforcement officers must be." *United States* v. *Lilla,* 534 F. Supp. 1247, 1257 (N.D.N.Y. 1982), rev'd on other grounds, 699 F.2d 99 (2d Cir. 1983). See *People* v. *DiPasquale,* 47 N.Y.2d 764, 765 (1979). The application for the wiretap warrant and the accompanying affidavit are sufficient to support the conclusion of the judge issuing the warrant that "an illegal gaming conspiracy was in part taking place in Essex County." *Commonwealth* v. *Assad, supra* at 423.

---

[1] Aristotle Tavoularis.

[2] The case was reported to the Appeals Court before the decision in *United States* v. *Smith,* 712 F.2d 702 (1st Cir. 1983), was withdrawn and a new decision substituted. See *United States* v. *Smith,* 726 F.2d 852 (1st Cir. 1984).

The defendants also assert that the evidence must be suppressed because the Commonwealth did not offer any evidence as to the extent of the district attorney's participation in the decision to seek a wiretap warrant or, in the alternative, because the defendants were not given an opportunity to cross-examine the district attorney on that issue. Since the district attorney cosigned the application, "there [is] no questioning the sufficiency of his authorization." *United States* v. *Smith, supra* at 859. The application and the accompanying documents are sufficient "to underlie a knowledgeable authorization." *Id.* "[I]t is to be presumed that the officer has properly exercised the judgment called for by the statute when he affixes his signature to an order authorizing an application." *United States* v. *Turner*, 528 F.2d 143, 151 (9th Cir.), cert. denied sub nom. *Grimes* v. *United States*, 423 U.S. 996 (1975), and sub nom. *Hackett* v. *United States*, 429 U.S. 837 (1976). See *Commonwealth* v. *Monosson*, 351 Mass. 327, 330 (1966). Any other result might unduly interfere with the effective operation of the office of the district attorney, an office in the executive branch of government.

The order of the Superior Court judge denying the motions to suppress the wiretap evidence is affirmed. This matter is remanded to the Superior Court for further proceedings.

*So ordered.*

*Stanley W. Norkunas* for Donald Bickford (*Robert B. Gould*, for Aristotle Tavoularis, with him).

*Lila Heideman*, Assistant District Attorney, for the Commonwealth.