COMMONWEALTH *vs.* MICHAEL C. McCLEERY.

Worcester.   November 5, 1962. — November 29, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
& SPIEGEL, JJ.

*Evidence,* Competency, Illegally seized material.   *Search and Seizure.*

In a criminal prosecution of a bailee of an automobile for illegal posses-
sion of narcotics, where it appeared that a police officer, who stopped
the automobile because of a headlight not working and verified the
operator's license and the registration, also ordered the defendant out
of the automobile, searched it illegally, and seized some envelopes of
narcotics found in it, and that a few minutes later, while the officer
was interrogating the defendant at the rear of the automobile, a small
metal can containing narcotics fell out of the defendant's clothing to
the ground, the judge, besides suppressing all evidence respecting the
envelopes of narcotics found in the automobile, should have suppressed
all evidence respecting the can of narcotics, and dismissed the indict-
ment, on motion by the defendant.

INDICTMENT found and returned on January 11, 1962.

The case was heard in the Superior Court by *Paquet,* J.,
without jury.

*Lawrence S. O'Connor,* Assistant District Attorney, for
the Commonwealth.

*Daniel F. Featherston, Jr.,* for the defendant.

WILKINS, C.J.   A judge found the defendant guilty of
the crime of possessing a narcotic drug in violation of G. L.
c. 94, § 205 (as amended through St. 1958, c. 95, § 1), and,
being of opinion that the conviction raised questions of law
which are doubtful and important, did not impose sentence,
but reported the case to this court with the consent of the
defendant and the Commonwealth.   G. L. (Ter. Ed.) c. 278,
§ 30.

Prior to trial the defendant filed a motion (1) to suppress
all the evidence in the possession of the Commonwealth on
the ground that it was obtained as a result of an illegal

search and seizure and (2) to dismiss the indictment. The judge made findings which resulted in his ruling that an illegal and unconstitutional search had been made of a motor vehicle of which the defendant was bailee. Certain evidence, which the judge found had been obtained directly as the result of the search, he ruled should be suppressed. The suppressed evidence comprised narcotics in manila envelopes taken from the motor vehicle; a statement signed by the defendant after interrogation at the State police barracks subsequent to the search; admissions made during the interrogation; and "testimony concerning this evidence."

Other evidence, which the judge ruled "was admissible as not having resulted directly or indirectly from the illegal search, concerned a film container of marijuana which fell out of the defendant's clothing after the illegal search and while he was still at the scene." At the trial this evidence along with admissions made "right after the container fell to the ground" was introduced and was the sole basis for the finding of guilty.

An officer of the State police testified that on October 6, 1961, at 10:45 P.M. he stopped a motor vehicle, of which it was later determined the defendant was the bailee, as it entered the Massachusetts Turnpike from a ramp. The vehicle was stopped on a "routine check" because a headlight was not working.[1] The three occupants, apart from the defendant, were one Williams, a friend, and two navy personnel, who were "hitch-hiking." After verifying the driver's license and the registration, the officer conducted an illegal search of the vehicle which resulted in his seizing some envelopes of marijuana from under the defendant's seat. Before searching, the officer had ordered the defendant out of the car. The officer established that the envelopes did contain marijuana and was interrogating the defendant at the rear of the car when the defendant started to walk toward the shoulder of the road. The officer saw a small tin vial falling to the ground from the defendant's

---

[1] See G. L. c. 90, §§ 7, 9, both as amended.

person and the defendant attempting to kick it. A small metal 35 millimeter film container of marijuana was introduced in evidence. The officer testified that he asked the defendant, "What's that?" and the defendant answered, "That's the rest of it," or "That's the rest of the pot," "pot" being marijuana. The officer later ordered the defendant into a police "cruiser" and took him to the barracks for further interrogation, and considered that he had placed him under arrest.

Williams testified that he and the two sailors got out of the car and joined the officer and the defendant, who were behind it and in front of the "cruiser." The officer questioned them separately. Eventually Williams "saw the defendant start to walk toward the front of the car when a film can 'dropped off of him.' " The can appeared to have been dropped or to have fallen rather than thrown. Three to five minutes had elapsed from the time the officer and the defendant went to the rear of the car.

The crucial ruling of the judge was that the film container, or can, had not "resulted directly or indirectly from the illegal search." He recognized that the distinction from the suppressed evidence was doubtful. We are inclined to resolve that doubt in favor of the defendant.

The evidence is not wholly clear whether the verification of the driver's license and of the registration occurred before the defendant was ordered out of the car. From the statements in the record the verification might have come first. If so, the record suggests no purpose of ordering him out of the car other than to make an illegal search. Having found the envelopes, the officer was still interrogating him when the film container fell to the ground. On the other hand, if we assume that the defendant was properly ordered out so that the papers could be verified, once that purpose had been accomplished, there appears no reason, apart from the search of the vehicle, why the defendant should not have been permitted to resume his seat and continue on his way. See *Rios* v. *United States,* 364 U. S. 253, 261–262.

Without undue elaboration of the decisions, we are unable to see any sound distinction between this case and *Commonwealth* v. *Spofford,* 343 Mass. 703. The evidence should have been suppressed.

In accordance with the terms of the report, the indictment is dismissed.

*So ordered.*