COMMONWEALTH *vs.* PAUL H. LaBOSSIERE.

Hampden.   April 6, 1964. — April 29, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Search and Seizure.   Law or Fact.*

No error was shown in a criminal proceeding for breaking and entering and larceny by assignments of error based on an alleged illegal search of the defendant's automobile where a finding that there had in fact been a search thereof was not required by evidence merely that, after police officers had stopped the automobile at night because of improper driving by the defendant, he got out of it to show his papers to the officers, leaving the driver's door open, and that one of the officers, without entering the automobile, looked into it from the outside with a flashlight and questioned companions of the defendant in it as to the

ownership of articles which the officer saw on the seats and the floor. [385–386]

Whether there had been an illegal search was a question of law for the court in a criminal proceeding.   [387]

INDICTMENTS found and returned on May 9, 1963.

A motion to suppress evidence was heard in the Superior Court by *O'Brien,* J., and the cases were tried before him.

The cases were submitted on briefs.

*Henry Weissman* for the defendant.

*Matthew J. Ryan, Jr.,* District Attorney, *& Leonard E. Gibbons,* Assistant District Attorney, for the Commonwealth.

WILKINS, C.J.   The defendant has appealed his conviction upon two indictments relating to two separate dwellings, each indictment charging breaking and entering in the night time with intent to commit larceny and the stealing of described items of personal property of a total value of over $100.   G. L. c. 266, § 16, as appearing in St. 1943, c. 343, § 1. The trial was made subject to G. L. c. 278, §§ 33A–33G, inclusive, as amended.

The five assignments of error, all concerning the admission of evidence allegedly the result of an illegal search of his automobile, are grouped in the defendant's brief in an argument which is little more than perfunctory suggestion and assertion and does not merit extended discussion.   In view of the seriousness of the case from the point of view of the defendant we shall give it greater consideration than the presentation in his brief deserves.

The fundamental flaw in the defendant's position is that the evidence did not require a finding that there was a search.   At the hearing of a motion to suppress held before the trial, the only testimony was by two officers of the Springfield police, Lieutenant Flanagan and Sergeant Williams.   On the night of March 10, 1963, while in a police cruiser driven by Williams, they observed an automobile operated by the defendant proceed through a red traffic signal without stopping and pass a traffic island on the left, the wrong side.   The speed of the automobile was excessive.

The officers pursued and caused it to stop. Williams remained in the cruiser while Flanagan got out and walked toward the car of the defendant, who also had gotten out and was walking toward the cruiser. Flanagan told the defendant to show his driver's license and registration to Williams, and continued toward the car. The driver's door was open, and there were three men in the car, one on the front seat and two on the back. Flanagan did not enter the vehicle but, flashing a light, looked in from the outside and saw the occupants and "some items," including a camera, on the seats and on the floor. He did not put his flashlight inside the car. Flanagan asked who owned the articles, and one of the men said that they were his.

In the meantime Williams examined the defendant's driver's license and registration both of which were issued in the State of New York. The license gave a New York address, but the defendant told Williams that he lived in Springfield. Flanagan returned to the cruiser and asked the defendant who owned the camera. The latter replied that he owned it and everything in the car. He also said that he owned a hockey puck, the property of Flanagan, who exhibited it to him. When Flanagan stated that the defendant's story conflicted with that of a passenger, the defendant confessed that they had just broken into a house. The defendant and his passengers were then arrested on suspicion of breaking and entering and larceny. On the way to the police station the defendant invited the police to search his house, but the offer was not accepted.

There was no error in the denial of the motion to suppress. The case bears no resemblance to *Commonwealth* v. *McCleery,* 345 Mass. 151, where the defendant was ordered out of the automobile and there followed an invasion and ransacking of the vehicle.

At the trial before the same judge the question of illegal search was raised in connection with the admission of evidence. Substantially the same testimony was given as that heard on the motion to suppress, and there was admitted additional evidence that search warrants for the car and for

the defendant's residence were later obtained; and that the defendant and his companions subsequently voluntarily gave the police signed confessions. There was also conflicting evidence from two passengers of the defendant as to what occurred after his car was stopped. At the close of the evidence the defendant moved to strike the evidence which he contended was secured by illegal search and seizure. There was no error in the denial of the motion. In his charge the judge left to the jury the question whether there was an illegal search. The defendant, who did not object or contend that this should have been decided by the judge, is not aggrieved. We feel that we should say, however, that this was a question for the court. *Steele* v. *United States No. 2,* 267 U. S. 505, 510–511. *Ker* v. *California,* 374 U. S. 23, 33. See *Commonwealth* v. *Lehan, ante,* 197, 205.

We need not discuss the right to arrest for traffic violation conferred by G. L. c. 90, § 21, as amended.

*Judgments affirmed.*