COMMONWEALTH *vs.* ERNEST MANEATIS. April 28, 1966. The defendant was convicted in the District Court of Somerville on a complaint that he "was found in a place with apparatus for registering bets." G. L. (Ter. Ed.) c. 271, § 17. Upon appeal to the Superior Court he was again convicted following the denial of his motion to suppress evidence. The affidavit for the search warrant did not set forth sufficient facts to constitute probable cause. It was by a captain of police who stated that he had information based upon "two reliable inf. that the within named person is taking horse and number play" and that "based upon the foregoing reliable information (and upon my personal knowledge) there is probable cause to believe that the property hereinafter described . . . may be found in the possession of Ernest *Menitos.*" The indicated omission is an exact quotation. No property was mentioned. The warrant authorized the search of "the person of Ernest *Menitos,* and of any person present who may be found to have such property in his possession or under his control or to whom such property may have been delivered, for the following property: 'gaming apparatus and *prarphanalia* [*sic*] including books, pencils, papers and money' . . . ." The officer's return stated, "I searched the person described in the warrant and . . . the following is an inventory of property taken pursuant to the warrant; certain papers and markings and one pen." The affidavit fails to conform to G. L. c. 276, § 2B, inserted by St. 1964, c. 557, § 3, which requires that it "contain the facts, information, and circumstances upon which such person relies to establish sufficient grounds for the issuance of the warrant." That there was error is clear from many decisions since the date of the trial. *Commonwealth* v. *Rossetti,* 349 Mass. 626, 632. *Commonwealth* v. *Dias,* 349 Mass. 583, 584. *Commonwealth* v. *Mitchell, ante,* 459, 462–463. See *Aguilar* v. *Texas,* 378 U. S. 108, 114. Cf. *United States* v. *Ventresca,* 380 U. S. 102, 103–104. The motion to suppress should have been granted.

*Judgment reversed.*

*Joseph J. Balliro* for the defendant.
*Donald L. Conn,* Assistant District Attorney, for the Commonwealth.