COMMONWEALTH *vs.* DAVID L. MONOSSON
(and a companion case).

Suffolk.    October 4, 1966. — November 3, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Search and Seizure. Evidence,* Illegally seized material.

An affidavit by an applicant for a search warrant on the printed form of
affidavit prescribed by G. L. c. 276, § 2B, stating in longhand in para-
graph 2 merely "Information from a reliable informant, whose informa-
tion has proved reliable in the past," did not conform to the require-
ments of the statute.    [328–329]

Upon an application for a search warrant with an inadequate affidavit not
conforming to the requirements of G. L. c. 276, § 2B, such inadequacy
cannot be cured by sworn oral testimony presented to the magistrate to
whom the application is made; and a warrant issued on such an applica-
tion is invalid and evidence obtained thereby must be suppressed.    [330]

Two INDICTMENTS found and returned in the Superior
Court on September 13, 1965.

Questions of law were reported by *Tauro,* C.J.

*Joseph S. Oteri* for the defendant.

*Jack I. Zalkind,* Assistant District Attorney (*Robert
Snider,* Legal Assistant to the District Attorney, with him),
for the Commonwealth.

WILKINS, C.J.   The defendant was named in two indict-
ments: (1) for possessing a narcotic drug with intent un-
lawfully to sell, G. L. c. 94, § 198 (as appearing in St. 1957,
c. 660, § 1), (2) for unlawful possession of a narcotic drug.
G. L. c. 94, § 205 (as appearing in St. 1958, c. 95, § 1).   The
cases are here on an interlocutory report by a judge of the
Superior Court who denied the defendant's motion to sup-
press.   G. L. c. 278, § 30A, inserted by St. 1954, c. 528.
Three questions are reported.   "A.   May this Court give
consideration to the sworn testimony presented to the mag-
istrate, in addition to the information contained in the writ-

ten affidavit, in making its decision as to probable cause? B. Was it the intention of the Legislature in the enactment of General Laws, c. 276, §§ 2A, 2B, and 2C,[1] to make suppression of evidence mandatory where there is a non-compliance with statutory requirements as to the affidavit, even though probable cause is established by sworn testimony before the magistrate but not wholly incorporated in the affidavit? C. Is it now the law of this Commonwealth that non-compliance with General Laws, c. 276, §§ 2A, 2B, and 2C, makes it mandatory to suppress the evidence even though probable cause is established by sworn testimony before the magistrate but not wholly incorporated in the affidavit?''

Section 2A of G. L. c. 276 prescribes the form of the warrant. Section 2B provides in material part: ''A person seeking a search warrant shall appear personally before a court or justice authorized to issue search warrants in criminal cases and shall give an affidavit in substantially the form hereinafter prescribed. Such affidavit shall contain the facts, information, and circumstances upon which such person relies to establish sufficient grounds for the issuance of the warrant. The person issuing the warrant shall retain the affidavit and shall deliver it within three days after the issuance of the warrant to the court to which the warrant is returnable. . . . The affidavit in support of the application for a search warrant shall be in substantially the following form: . . . I, (name of applicant) being duly sworn, depose and say: . . . 2. I have information, based upon (describe source, facts indicating reliability of source and nature of information; if based on personal knowledge and belief, so state). 3. Based upon the foregoing reliable information . . . there is probable cause to believe [and so forth].''

In the cases at bar the affidavit, which was by a Boston police officer, contained in print the language of paragraph 2 as above quoted. It also contained the printed words, '' (If

---

[1] Inserted by St. 1964, c. 557, § 3, effective June 23, 1964.

space is insufficient, attach affidavit or affidavits hereto)''
which was followed in longhand by, ''Information from a
reliable informant, whose information has proved reliable
in the past.''

The trial judge ruled that the affidavit did not conform to
the requirements of G. L. c. 276, §§ 2A, 2B, and 2C, ''for the
reason that it did not contain all the information presented
under oath to the magistrate.''

This ruling was correct, and the district attorney's brief
rightly so concedes. *Commonwealth* v. *Dias,* 349 Mass. 583,
584 ('' 'believes, and has probable cause to believe . . .' ''
without more). *Commonwealth* v. *Rossetti,* 349 Mass. 626,
632 (application inadequate). *Commonwealth* v. *Maneatis,* 350 Mass. 780 (''two reliable inf.''). *Aguilar* v. *Texas,*
378 U. S. 108, 109 ('' '. . . received reliable information
from a credible person . . .' ''), 115–116.

The principal issue for decision is whether, notwithstanding violation of the statute, the evidence is admissible. The
report suggests that the answer to Question ''A'' should be
in the affirmative. The burden of the argument for the
Commonwealth, based in large part on the report of the
judge, is that there was no violation of the Constitution of
the United States, and nothing to prevent the use of the evidence by the prosecution. We, however, do not decide any
constitutional issue because we are satisfied that the Legislature in enacting §§ 2A, 2B, and 2C, had no intent that,
after its mandate has been ignored in a manner tending to
prejudice the defendant, the effect of such illegality can
nevertheless be avoided by evidence presented to the magistrate. The trial judge found that no oral, real, or documentary evidence was referred to in the affidavit for the
stated purpose of preserving ''the anonymity of the police
undercover man.'' But the identity of an informant need
not be disclosed provided that a basis for believing him is
disclosed. *Rugendorf* v. *United States,* 376 U. S. 528, 533.

In *Mapp* v. *Ohio,* 367 U. S. 643, the Supreme Court of the
United States overruled *Wolf* v. *Colorado,* 338 U. S. 25, ''to
the extent that it failed to apply the exclusionary rule to the

States," and "held that the exclusion of evidence seized in violation of the search and seizure provisions of the Fourth Amendment was required of the States by the Due Process Clause of the Fourteenth Amendment." See *Linkletter* v. *Walker,* 381 U. S. 618, 620–621, which laid to rest "a most troublesome question in the administration of justice," and reached the conclusion that the *Mapp* rule was not retrospective.

Statute 1964, c. 557, § 3, inserting §§ 2A, 2B, and 2C, in G. L. c. 276, reflected the effects of the decision in the *Mapp* case, and of a succession of decisions of this court which were made necessary by that case. See, for example, *Commonwealth* v. *Spofford,* 343 Mass. 703; *Commonwealth* v. *McCleery,* 345 Mass. 151; *Commonwealth* v. *Mekalian,* 346 Mass. 496.

The legislative purpose was to make sure that the Commonwealth could demonstrate by a writing that any given search and seizure was reasonable and based upon probable cause. The surest way to achieve this purpose is the preservation in the affidavit presented to the magistrate of a statement of the grounds relied upon for issuing the warrant. See *Commonwealth* v. *Mitchell,* 350 Mass. 459, 463–464. By this method nothing is left to the uncertainty of oral testimony as to what was otherwise stated to the magistrate, and the defendant is given a full opportunity to challenge the legality of the search. This method also serves as an anchor to windward and as a guard against surprise in case of some future shift in the rulings of the Supreme Court of the United States.

We understand Question A to be asked with reference to cases like the present where facts, information, and circumstances inadequate to show probable cause were contained in the affidavit. In such circumstances the Superior Court may not give consideration to the sworn testimony additionally presented to the magistrate. The answer to Question A is "No." Questions B and C require no answer. The motion to suppress should have been granted.

*So ordered.*