Mr. Chief Justice Moore
delivered the opinion of the Court.
This is an original proceeding in mandamus. The petitioners are named defendants in an information filed against them in the district court of Arapahoe county in which it is alleged that they illegally had possession of marijuana. In that action their counsel filed a “Motion for Return of Property Seized and for Suppression of Evidence.” A search of the premises occupied by petitioner, under the authority of a search warrant issued pursuant to an order by district judge Marvin Foote, resulted in the seizure of marijuana and various other items of personal property as evidence to *435 be used by the district attorney. The motion to suppress contained an allegation, inter alia, that, “there was not probable cause for believing the existence of the grounds on which the Warrant was issued.”
The criminal action was assigned for trial before district judge Donald P. Smith,- Jr. At the hearing on petitioners’ above-mentioned motion, Judge Smith made the following statement:
“3. That this Court has no authority to review the findings and order of another judge of this Court, and, therefore, the findings of the Honorable Marvin W. Foote, a judge of this Court, that probable cause existed for the issuance of the subject warrant will be adopted by this Court as conclusive on this matter.”
A further attempt to secure a determination by Judge Smith, of the sufficiency of the affidavit and the proceedings before Judge Foote to establish probable cause to issue the warrant, was made in the form of a “Motion for Hearing and Determination.” This motion was denied for the reason above indicated in the quoted portion of the decision of Judge Smith. Thereupon this original proceeding was commenced and we issued a rule to show cause. The answer to the rule admits the above mentioned pertinent facts.
 We hold that the respondent Judge Smith is not bound by the ex parte determination of another judge, when issuing a search warrant, that probable cause exists for the issuance thereof. The determination of Judge Foote to that effect was not made in an adversary proceeding and is not the kind of “judgment, decree or order rendered or made by another judge of the same court” to which reference is made in C.R.S. 1963, 37-4-17. In Denver Electric v. Phipps, 143 Colo. 530, 354 P.2d 618, a similar question was involved. We there said that a preliminary order entered by a judge, other than the one who tried the case, “was a ruling and not ‘a judgment, decree, or order rendered or made by another judge of the same court * * *.’ ” *436 It was there held that th,e trial judge.was not bound by the preliminary order. So in the instant case Judge Smith is not bound by the conclusion of Judge Foote.
Accordingly, the respondent court, and the respondent judge thereof, is directed to hear and determine upon the merits the question - raised by the motion of petitioners concerning the validity of the search conducted under the questioned search warrant, either at a separate hearing in advance of the- trial of the case or at the time of trial in the event that objection is made to the admissibility of the questioned evidence.
In this connection we direct attention to conflicting views upon the question as to whether an affidavit purporting to show “probable cause” by general statement can be validated by sworn testimony of an affiant in which he supplies details of the facts upon which he relies for the conclusion that he has “probable cause” to believe that the search is justifiable. State v. Titus, 107 N.H. 215, 220 A.2d 154, cert. denied, 385 U.S. 941; Commonwealth v. Monosson, 351 Mass. 327, 221 N.E.2d 220.
The rule is made absolute to the following extent. The trial court shall make inquiry concerning the validity of the search and base its determination solely upon the evidence presented upon the hearing conducted by it on the motion of the petitioners. The trial court is not bound to conclude that because a search warrant issued the matter of the existence of probable cause for the issuance thereof is res adjudicata. It is for the judge who determines the adversary proceeding to decide all questions relating to the admissibility of the evidence offered by the litigants.