COMMONWEALTH vs. LARRY A. LEWIS.

Barnstable. March 9, 1983. — April 6, 1983.

Present: BROWN, CUTTER, & SMITH, JJ.

*Search and Seizure,* Automobile, Threshold police inquiry, Probable
cause.

Where a State police detective who had considerable experience in the in-
vestigation of drug smuggling operations and who had received cer-
tain information from Mashpee police concerning the arrest of several
persons and the seizure of four vehicles and a boat engaged in a drug
smuggling operation in Mashpee issued an order to State police to sta-
tion men at the Bourne and Sagamore bridges, the only way by which
motor vehicles could leave Cape Cod, and to stop all vans and pick-up
trucks with caps, especially those with Virginia and Ohio license
plates, police officers who had received the order were reasonably
warranted in stopping, about two and one-half hours later, a white
pick-up truck with a cap and bearing Ohio license plates to conduct an
investigative inquiry. [619-620]

INDICTMENT found and returned in the Superior Court
Department on June 11, 1981.

A motion to suppress evidence was heard by *Keating, J.,*
and the case was heard by *Wagner, J.*

*David Berman (Ronald J. Chisholm* with him) for the
defendant.

*Charles A. Morano,* Assistant District Attorney, for the
Commonwealth.

SMITH, J. After his conviction on an indictment charging
trafficking in marihuana, see G. L. c. 94C, § 32E(a)(2),
the defendant has appealed, urging error in the denial of his
motion to suppress evidence obtained when the police stop-
ped the defendant's vehicle and, after obtaining a search
warrant, searched it, seizing bales of marihuana. The
defendant contends that the stop was without probable

cause and also violated his rights under the privileges and immunities clauses of art. 4, and the Fourteenth Amendment, of the Constitution of the United States and his "constitutional right to travel." In addition, the defendant claims that the police did not have probable cause to look into the back of his vehicle and that the search warrant was issued without probable cause. In denying the motion, the judge filed findings of fact of which we summarize relevant portions.

At approximately 4:30 A.M. on Monday, June 8, 1981, Detective Joseph Arnold of the Massachusetts State police received a telephone call from the Mashpee police stating that they had arrested several persons and seized four vehicles that were engaged in a drug smuggling operation in Mashpee. Bales of marihuana had been seized. Two of the vehicles had Virginia license plates, one had Ohio license plates, and the other had Massachusetts plates. A boat had also been seized and two people from Ohio had been arrested on board.

Detective Arnold had considerable experience in the investigation of drug smuggling operations. He had previously been involved in the investigation of four major drug smuggling operations. In three of the four investigations police had seized several vans and pick-up trucks with "caps" covering their beds that were employed to transport the drugs. Based on that experience, Detective Arnold knew that after persons had off-loaded marihauna they tended quickly to leave the particular area. Realizing that the only route off Cape Cod by road was by either the Bourne or Sagamore bridges, Detective Arnold, at about 5:00 A.M., issued an order to the State police to station men at the two bridges and stop all vans and small pick-up trucks with caps, especially those that bore Ohio or Virginia license plates. About 7:50 A.M. the defendant's vehicle, a white pick-up with a cap, bearing Ohio license plates, was stopped.[1] When the police officer walked over to the vehi-

---

[1] For some reason the description of the defendant's vehicle was not contained in the judge's findings, but it is not disputed.

cle he noticed a strong odor of marihuana emanating from that part covered by the cap. Another officer also smelled marihuana and, looking through a window, saw bales wrapped in plastic. A third officer noted that the bales that he observed through the window were similar in shape, size, and color to bales of marihuana seized earlier in Mashpee. The defendant was unable to produce the registration and was escorted to the police station. A search warrant was obtained, and bales of marihuana were seized from the defendant's vehicle.

1. *The investigatory stop of the defendant's vehicle.* The Commonwealth contends that adequate justification existed for the investigatory stop of the defendant's vehicle. Under the principles set forth in *Terry* v. *Ohio*, 392 U.S. 1 (1968), which have been applied to the stopping of a motor vehicle as well as the stopping of a pedestrian, *Commonwealth* v. *Riggins*, 366 Mass. 81, 86 (1974), the police are warranted in making an investigatory stop where they have reasonable ground to suspect that the occupant of the vehicle stopped has committed, is committing, or is about to commit a crime. *Commonwealth* v. *Bacon*, 381 Mass. 642, 643 (1980). That action must "be based on specific and articulate facts and the specific reasonable inferences which follow from such facts in light of the officer's experience. A mere 'hunch' is not enough." *Commonwealth* v. *Silva*, 366 Mass. 402, 406 (1974).

Detective Arnold, an experienced investigator of drug smuggling operations, could infer from the information that he had received with respect to the number of persons arrested and vehicles seized that a major interstate drug smuggling operation was in progress. Knowing from his experience that once marihuana is off-loaded from a boat into vans or pick-up trucks, the drivers tend to leave the scene quickly, Arnold could infer that some vehicles had left the vicinity of the off-loading before the initial arrests.[2] Because,

---

[2] In *United States* v. *Cortez*, 449 U.S. 411, 418 (1981), the court stated "consideration of the modes or patterns of operation of certain kinds of

in his experience, persons engaged in drug smuggling preferred to use vans and pick-up trucks with caps, Arnold could infer that it was likely that they were being used in this operation as well. Because at least one vehicle seized at the off-loading area had Ohio license plates and two others had Virginia plates, and two persons arrested on board the boat were from Ohio, he could reasonably infer that any vehicle that escaped the net cast by the Mashpee police would bear Ohio or Virginia license plates.[3]

The order issued by Detective Arnold alerted law enforcement officers to the necessity of stopping vehicles that conformed to a reasonably precise and narrow description. The resulting stop of the defendant's vehicle, which matched that description in all respects, bore none of the indicia of the random stopping of automobiles condemned in *Delaware* v. *Prouse*, 440 U.S. 648, 663 (1979). In addition, the intrusion upon privacy was limited and was "reasonably related in scope to the justification for [its] initiation." *Terry* v. *Ohio*, 392 U.S. at 29.

2. *Other contentions of the defendant.* The other contentions of the defendant are without merit. No case has been brought to our attention, nor could we find any, holding that evidence may be suppressed by reason of art. 4 or the Fourteenth Amendment in the circumstances disclosed here. It is not a search when the police look into a vehicle, without entering it. *Commonwealth* v. *LaBossiere*, 347 Mass. 384, 385 (1964). Compare the police conduct in *Commonwealth* v. *Podgurski*, 386 Mass. 385, 388 (1982).

---

lawbreakers" may be used as data from which "a trained officer draws inferences and makes deductions — inferences and deductions that might well elude an untrained person."

[3] The defendant argues that the stop was unreasonable because the lapse of time between the initial seizures im Mashpee and the stop in Bourne was in excess of the period required to drive that distance. See *Commonwealth* v. *Riggins*, 366 Mass. 81, 87 (1974); *Commonwealth* v. *Tosi*, 14 Mass. App. Ct. 1029, 1030 (1982). That fact alone does not make the stop unreasonable.

The affidavit accompanying the warrant application provided ample information to establish probable cause for the issuance of the warrant.

*Judgment affirmed.*