COMMONWEALTH vs. OSBORNE SHEPPARD.[1]

Suffolk. October 2, 1984. — April 2, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Constitutional Law*, Search and seizure. *Search and Seizure*, Warrant.

Neither art. 14 of the Massachusetts Declaration of Rights nor G. L. c. 276 required the exclusion of evidence obtained in a police search conducted pursuant to a warrant which had been issued on probable cause, but which, as the result of negligence by the issuing magistrate, violated the constitutional and statutory requirement that search warrants describe the articles to be seized with particularity, where the affidavit which had been presented to the magistrate did describe the objects of the search, and where the search was conducted as if the authority of the officers was limited in scope to those items set forth in the affidavit. [385-392] LIACOS, J., concurring; LYNCH, J., concurring.

INDICTMENT found and returned in the Superior Court Department on May 14, 1979.

Following review by this court reported in 387 Mass. 488 (1982), there was a rehearing pursuant to an order of the Supreme Court of the United States.

*John Reinstein* (*Nancy Gertner* with him) for the defendant.

*Newman Flanagan*, District Attorney (*Michael J. Traft & Judith G. Zeprun*, Assistant District Attorneys, with him) for the Commonwealth.

*Barbara A. H. Smith*, Assistant Attorney General, for the Attorney General, intervener.

---

[1] We acknowledge the brief of the Attorney General of the Commonwealth, as intervener. We also acknowledge the brief filed by the district attorneys for the Plymouth, Berkshire, Eastern, Suffolk, Bristol, Northwestern, Middle, Hampden, and Cape and Islands districts, as amici curiae, and the briefs of Mr. Stephen R. Kaplan and the Committee for Public Counsel Services, as amici curiae.

*William C. O'Malley*, District Attorney for the Plymouth District, & others, amici curiae, submitted a brief.

*Maureen B. Brodoff*, for Committee for Public Counsel Services, amicus curiae, submitted a brief.

*Stephen R. Kaplan*, amicus curiae, submitted a brief.

HENNESSEY, C.J. This case presents a significant question relating to the administration of criminal laws in the Commonwealth: whether, in the circumstances presented here, we will recognize a rule of exclusion under either G. L. c. 276 or art. 14 of the Declaration of Rights of the Constitution of the Commonwealth. We conclude that the trial judge was justified in finding that the police acted on a warrant issued on probable cause, and that the search of the defendant's home was conducted as if the warrant had met the statutory and constitutional requirements of particularity. Therefore, we hold that, in these circumstances, exclusion of the evidence seized is not required. Consequently, there was no error in the denial of the defendant's motion to suppress, and the judgment of the Superior Court is affirmed.

The defendant was convicted of murder in the first degree of Sandra D. Boulware, and appealed to this court on the ground that the trial judge erred in admitting evidence seized pursuant to a defective search warrant. We reversed the conviction because the warrant failed to list with the requisite particularity the items to be seized. *Commonwealth* v. *Sheppard*, 387 Mass. 488, 499-501 (1982) (*Sheppard I*), cert. granted, 463 U.S. 1205 (1983). We held that, because the warrant was defective, the Fourth Amendment to the Constitution of the United States required exclusion of the evidence seized, regardless of whether the officers executing the warrant acted on a good faith belief that the search and seizure were lawful. *Id.* at 507-508 & n.20. We further concluded that the warrant violated G. L. c. 276, and art. 14 of the Declaration of Rights, *id.* at 501, but in view of the result we reached with respect to the Fourth Amendment claim, we did not consider whether exclusion was also required by State law. *Id.* at 508.

The United States Supreme Court reversed. *Massachusetts* v. *Sheppard*, 468 U.S. 981 (1984). The Supreme Court held

that the Fourth Amendment does not require exclusion in cases, such as this one, where "the officer conducting the search acted in objectively reasonable reliance on a warrant issued by a detached and neutral magistrate that subsequently is determined to be invalid." *Id.* at 987-988. See *United States* v. *Leon,* 468 U.S. 897 (1984). After the Supreme Court remanded the case, we directed, by order of July 13, 1984, "further briefing . . . on the question whether in view of the violation of art. 14 of the Declaration of Rights of the Constitution of the Commonwealth and G. L. c. 276, § 2, the evidence obtained as a result of that violation should be excluded."

The evidence adduced at the trial for this brutal murder has been adequately described in our first review of this conviction, *Sheppard I, supra* at 489-496, and need not be restated here. The facts with respect to the issuance of the defective warrant are summarized as follows.[2] One day after the body of the victim was found, and after a preliminary investigation which established probable cause, *id.* at 492 n.7, the district attorney for the Suffolk District and two police officers, Sergeant Bornstein and Detective Peter J. O'Malley, concluded that they should obtain a warrant to search the home of the defendant at 42 Deckard Street in Roxbury. *Id.* at 492. Detective O'Malley prepared an affidavit in support of the application for the warrant, but, because it was Sunday, no suitable form for the search warrant itself could be obtained. *Id.* at 493. Detective O'Malley did find a warrant form which had once been in use by the Municipal Court of the Dorchester District to authorize searches for controlled substances, and he attempted to adapt this form to authorize a search of the premises at 42 Deckard Street. *Id.* "He crossed out the words 'controlled substance'" on one section of the form, and "replaced the word 'Dorchester' with the word 'Roxbury.' He inserted a reference to '2nd & Basement' of 42 Deckard Street as the place to search. However, the reference to 'controlled substance' was not deleted

---

[2] For a more complete description of the events preceding the search of 42 Deckard Street, see *Sheppard I, supra* at 492-496, and *Massachusetts* v. *Sheppard, supra* at 984-987.

in those portions of the form that constituted the application for a search warrant and would constitute the warrant itself." *Id.*

Detective O'Malley and a group of other law enforcement officials then went to the home of a judge, who was also unable to locate an appropriate form. *Id.* at 493-494. Accordingly, the judge made a few changes on the form provided by Detective O'Malley, and then dated and signed the warrant. "The judge made no change in the substantive portion of the printed warrant form which, therefore, contained authority 'to search for any controlled substance, article, implement or other paraphernalia used in, for, or in connection with the unlawful possession or use of any controlled substance.' The warrant made no reference to the items listed in Detective O'Malley's affidavit in support of the application.[3] It neither listed them, nor incorporated them by reference; nor was the affidavit attached to the warrant." *Id.* at 494.[4]

Detective O'Malley and others executed the warrant later that same afternoon. *Id.* They met the defendant's mother and sister at 42 Deckard Street, showed them the warrant, and told them that they were going to search the defendant's room and the cellar. "It does not appear that either of the two women read the warrant or asked to have it read." *Id.* Detective O'Malley had with him throughout the search a copy of the affidavit listing the items to be seized. *Id.* A great deal of incriminating evidence was found on the premises, which we later characterized as "most important in rounding out a case based only on circumstantial evidence." *Id.* at 496.[5]

---

[3] See *Sheppard I, supra* at 492 n.7.

[4] It is apparent, as the defense evidently conceded before the Supreme Court, that the warrant would have been valid "if the judge had crossed out the reference to controlled substances, written 'see attached affidavit' on the form, and attached the affidavit to the warrant." *Massachusetts v. Sheppard, supra* at 492 n.7.

[5] The police found, among other things, boots which were stained by blood of the same type as the victim's, bloodstains on the concrete floor of the cellar, a bloody earring which was identified as looking like one the victim was wearing a week before her disappearance, bloodstained leotards

The defendant moved to suppress the items uncovered in the search of his home on the ground that they were seized pursuant to a defective warrant. The Superior Court judge concluded that the warrant was issued on probable cause, but agreed with the defendant's contention that it was defective because it failed to list the items to be seized. *Id.* at 497. However, the judge admitted the evidence on the ground that the officers had conducted the search with a reasonable and good faith belief in the validity of the warrant. He found that the judge who had issued the warrant "told Detective O'Malley that he would make the necessary changes in the warrant form so as to provide a suitable form of search warrant and that the warrant as delivered was sufficient authority in form and content to carry out the search as requested. He found also that the search of 42 Deckard Street was carried out within the limits that Detective O'Malley understood the warrant to permit and that Detective O'Malley had the affidavit and search warrant with him at 42 Deckard Street. He concluded that 'the actual search undertaken was within the limits of the authority the police thought reasonably had been granted.'" *Id.* at 497.

1. *General Laws c. 276.*[6]

The defendant first contends that exclusion is required by G. L. c. 276, § 2, which provides that "[s]earch warrants shall

---

which were identified as a type known to have been purchased by the victim, and a hairpiece which the victim was wearing on the day of her disappearance. *Sheppard I, supra* at 494-495.

[6] General Laws, c. 276, § 2, as appearing in St. 1964, c. 557, § 2, provides: "Search warrants shall designate and describe the building, house, place, vessel or vehicle to be searched and shall particularly describe the property or articles to be searched for. They shall be substantially in the form prescribed in section two A of this chapter and shall be directed to the sheriff or his deputy or to a constable or police officer, commanding him to search in the daytime, or if the warrant so directs, in the nighttime, the building, house, place, vessel or vehicle where the property or articles for which he is required to search are believed to be concealed, and to bring

designate and describe the building, house, place, vessel or vehicle to be searched *and shall particularly describe the prop-*

such property or article when found, and the persons in whose possession they are found, before a court having jurisdiction."

General Laws c. 276, § 2A, inserted by St. 1964, c. 557, § 3, provides: "The warrant shall be in substantially the following form:

"THE COMMONWEALTH OF MASSACHUSETTS.
"(County), ss.                                                     (Name) Court.

*"To the Sheriffs of our several counties, or their deputies, any State Police Officer, or any Constable or Police Officer of any city or town, within our said Commonwealth.*

"Proof by affidavit having been made this day before (name of person authorized to issue warrant) by (names of person or persons whose affidavits have been taken) that there is probable cause for believing that (certain property has been stolen, embezzled, or obtained by false pretenses; certain property is intended for use or has been used as the means of committing a crime; certain property has been concealed to prevent a crime from being discovered; certain property is unlawfully possessed or kept or concealed for an unlawful purpose).

"We therefore command you in the daytime (or at any time of the day or night) to make an immediate search of (identify premises) (occupied by A. B.) and (of the person of A. B.) and of any person present who may be found to have such property in his possession or under his control or to whom such property may have been delivered, for the following property:
(description of property)
"and if you find any such property or any part thereof to bring it and the persons in whose possession it is found before (court having jurisdiction) at (name of court and location).

"Dated at (city or town) this  .    .    . day of .    .    .    .    , 19   .
                                                                          Clerk."

General Laws c. 276, § 2B, as amended by St. 1965, c. 384, provides: "A person seeking a search warrant shall appear personally before a court or justice authorized to issue search warrants in criminal cases and shall give an affidavit in substantially the form hereinafter prescribed. Such affidavit shall contain the facts, information, and circumstances upon which such person relies to establish sufficient grounds for the issuance of the warrant. The person issuing the warrant shall retain the affidavit and shall deliver it within three days after the issuance of the warrant to the court to which the warrant is returnable. Upon the return of said warrant, the affidavit

*erty or articles to be searched for"* (emphasis added). Section 2A describes in some detail the form in which warrants shall be issued, and explicitly requires that the warrant contain a "description of [the] property" which is the object of the search. The warrant at issue here clearly failed to meet these statutory requirements. *Sheppard I, supra* at 499-501. It is equally clear that the warrant failed to meet the particularity requirement of art. 14 of the Declaration of Rights. *Id.* See *Commonwealth v. Taylor*, 383 Mass. 272, 275 (1981).

---

shall be attached to it and shall be filed therewith, and it shall not be a public document until the warrant is returned.

"The affidavit in support of the application for a search warrant shall be in substantially the following form:

"THE COMMONWEALTH OF MASSACHUSETTS.

"(County), ss.                                        (Name) Court.
. . . . . . . ., 19 .

"I, (name of applicant) being duly sworn, depose and say:

"1. I am (describe position, assignment, office, etc.).

"2. I have information, based upon (describe source, facts indicating reliability of source and nature of information; if based on personal knowledge and belief, so state).

"3. Based upon the foregoing reliable information (and upon my personal knowledge) there is probable cause to believe that the property hereinafter described (has been stolen, or is being concealed, etc.) and may be found (in the possession of A. B. or any other person) at premises (identify).

"4. The property for which I seek the issuance of a search warrant is the following: (here describe the property as particularly as possible).

"*Wherefore*, I respectfully request that the court issue a warrant and order of seizure, authorizing the search of (identify premises and the persons to be searched) and directing that if such property or evidence or any part thereof be found that it be seized and brought before the court; together with such other and further relief that the court may deem proper.

. . . . . . . . . . .
Name.

"Then personally appeared the above-named . . . . . . . and made oath that the foregoing affidavit by him subscribed is true.

"Before me this . . . . . day of . . . . . . . . . . .,19 .
Justice or Special Justice,
Clerk or Assistant Clerk
of the . . . . . . . Court."

General Laws c. 276 does not specify the circumstances in which an exclusionary remedy will be applied to the fruits of a seizure conducted pursuant to a defective warrant. In cases in which we are asked to infer a remedy, we are guided by the principle of statutory construction that the act "must be interpreted according to the intent of the Legislature . . . considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *Commonwealth* v. *Graham*, 388 Mass. 115, 119 (1983), quoting *Board of Educ.* v. *Assessor of Worcester*, 368 Mass. 511, 513 (1975).

We emphasize that we are not confronted here with a deficiency as to the probable cause requirements of the statutes or of art. 14. General Laws c. 276 sets out more stringent requirements for a showing of probable cause than either the State or Federal Constitutions. Specifically, G. L. c. 276, § 2B, requires that the grounds for probable cause be set forth in an affidavit presented to a "court or justice," and, therefore, the statute precludes a "court or justice" from giving any effect to sworn oral statements. *Commonwealth* v. *Monosson*, 351 Mass. 327, 330 (1966). Cf. *United States* v. *Goyett*, 699 F.2d 838 (6th Cir. 1983) (Fourth Amendment permits magistrate to consider sworn oral statement as supplement to affidavit in determining probable cause for issuance of warrant); *Frazier* v. *Roberts*, 441 F.2d 1224, 1226 (8th Cir. 1971) (same). One of the purposes of § 2B is "to make sure that the Commonwealth could demonstrate *by a writing* that any given search and seizure was reasonable and based upon probable cause" (emphasis added). *Commonwealth* v. *Monosson, supra* at 330. Only if the statutorily prescribed procedure is followed can the defendant be "given a full opportunity to challenge the legality of the search." *Id.* In *Monosson*, the defendant was deprived of this opportunity because the affidavit in support of the warrant failed to "contain all the information presented under oath to the magistrate." *Id.* at 329. We therefore concluded that the statute had been violated "in a manner tending to prejudice the defendant," *id.*, and thus that exclusion was appropriate.

In *Commonwealth* v. *Upton, ante* 363, 365-369 (1985) (*Upton II*), we were faced with the Commonwealth's failure to set forth in the affidavit required by § 2B an adequate showing of probable cause. This violation of G. L. c. 276 thwarted the Legislature's evident intent to protect the citizens of the Commonwealth from searches and seizures not supported by probable cause. See *Commonwealth* v. *Monosson, supra* at 330. This violation, furthermore, was a "direct cause of the seizure and the prejudice from the violation [was] substantial." *Upton II, supra* at 368. We thus held that exclusion was required in circumstances where evidence was seized in violation of the statutory requirement of a written, sworn statement establishing probable cause.

Therefore, in both *Commonwealth* v. *Monosson* and *Upton II*, we applied a rule of exclusion to prejudicial, and thus substantial, violations of the statute. In light of the Legislature's heightened solicitude for probable cause requirements, both cases suggest that all violations of the statutory probable cause requirements are substantial. This is the case, either because of the prejudice caused by invasion of a defendant's right to be free from unreasonable searches and seizures, *Upton II, supra*, or because of the prejudice caused by the defendant's inability to challenge the search because of the Commonwealth's failure to preserve the grounds for the search in an affidavit. *Commonwealth* v. *Monosson, supra* at 330.

In the instant case we deal not with a deficiency as to probable cause, but with a deficiency as to particularity. We conclude that, unlike the statute's probable cause provisions, the particularity requirements of G. L. c. 276 essentially track the particularity requirements of art. 14 and the Fourth Amendment. Therefore, we infer that the Legislature intended, as did the framers of art. 14, to protect "individuals from general searches, which [were] the vice of the pre-Revolution writs of assistance." *Commonwealth* v. *Pope*, 354 Mass. 625, 629 (1968). See generally *Marron* v. *United States*, 275 U.S. 192 (1927). We also infer that the Legislature intended that the Commonwealth be able to "demonstrate by a writing," *Commonwealth* v. *Monosson, supra*, that the scope of the officers' authority to search was properly limited.

The record supports the judge's finding that the defect in the warrant did not lead to a general search of the premises at 42 Deckard Street. *Sheppard I, supra* at 503. Instead, the police officers believed that their authority to search was limited in scope to those items set forth in the affidavit. *Id.* at 502-503. Moreover, "the search of 42 Deckard Street was carried out within the limits that Detective O'Malley understood the warrant to permit." *Id.* at 497. As we noted in *Sheppard I, supra*, "[t]he search was conducted in the same way and with the same results as it would have been conducted if the warrant had not been defective." *Id.* at 503. Furthermore, the defendant was not deprived of the opportunity to challenge the scope of the search, since there was a "writing," in the form of an affidavit, which the officers had with them throughout the search, *id*, and which was available to the defendant at his trial. *Id* at 496-497. In short, "[t]he defect in the warrant was not harmful to the defendant in the circumstances of the actual search." *Id.* at 503. The officers in no way exploited, or attempted to exploit, the illegality of the warrant. Thus, despite the technical violation of the statute, the dual legislative aims were substantially satisfied. In these circumstances, we conclude that G. L. c. 276 does not require exclusion.

2. *Article 14.*

We turn to the defendant's second argument, that application of an exclusionary remedy is required by art. 14 of the Declaration of Rights of the Constitution of the Commonwealth.[7] Article 14, like G. L. c. 276, §§ 2, 2A, and 2B, requires that there be a writing which specifies the objects of the search. We read art. 14 as requiring that the "special designation" of the "objects of search" be included within the warrant, or that a

---

[7] Article 14 provides: "Every subject has a right to be secure from all unreasonable searches, and seizures, of his person, his houses, his papers, and all his possessions. All warrants, therefore, are contrary to this right, if the cause or foundation of them be not previously supported by oath or affirmation; and if the order in the warrant to a civil officer, to make search in suspected places, or to arrest one or more suspected persons, or to seize their property, be not accompanied with a special designation of the persons or objects of search, arrest, or seizure: and no warrant ought to be issued but in cases, and with the formalities prescribed by the laws."

writing containing the designation be attached to the warrant and incorporated therein by reference. See *Commonwealth* v. *Taylor*, 383 Mass. 272, 276-277 (1981). Thus, in this case, the warrant failed to meet the particularity requirements of art. 14. See *Sheppard I, supra* at 500-501. Nonetheless, we recognize that "this court has never accepted the concept of an exclusionary rule under the State Constitution when a search violated the requirements of art. 14 of the Declaration of Rights." *Upton II, supra* at 365. The issue before us is whether, in the circumstances presented here, the constitutional violation requires exclusion from evidence of the objects seized in the search. Because art. 14 includes no specific requirement of exclusion, we have before us a question, not of right, but of remedy.

The particularity requirements of art. 14, like those of the statute, not only protect against the general search, see *Commonwealth* v. *Pope, supra*, but provide the defendant with the opportunity at trial to demonstrate that the officers' authority to search was impermissibly broad. We have already determined in our discussion of G. L. c. 276, §§ 2, 2A, and 2B, that these twin aims were substantially satisfied here. We now conclude that art. 14 does not require the exclusion of the evidence seized from 42 Deckard Street, because the search at issue was conducted as if the warrant had complied with constitutional and statutory requirements. Despite the technical violation of art. 14, the search was not "unreasonable" within the meaning of that constitutional provision.

3. *Conclusion.* Although there were violations of both art. 14 and G. L. c. 276, exclusion of the evidence seized is not required because there was no prejudice to the defendant, and thus the violations were not substantial.[8] Other circumstances in other cases may well require the remedy of exclusion, and, in

---

[8] Our analysis is similar to the approach set forth in the Model Code of Pre-Arraignment Procedure § SS 290.2 (2) (1975). The Model Code provides that "[a] motion to suppress evidence . . . shall be granted *only if the court finds that the violation upon which it is based was substantial*, or if otherwise required by the Constitution of the United States or of this State" (emphasis added). See *Sheppard I, supra* at 507 n.20.

other cases, certain concepts argued extensively by the parties in this case may well be relevant.[9]

Our reversal in *Sheppard I* was predicated on the trial judge's refusal to exclude the material seized from 42 Deckard Street, and on our holding that exclusion was required by opinions of the United States Supreme Court interpreting the Fourth Amendment. *Sheppard I, supra* at 507-508. The Supreme Court reversed and remanded the case to this court. *Massachusetts* v. *Sheppard*, 468 U.S. 981, 991 (1984). We have now concluded that there was no error in the judge's ruling under either the statutes or the Constitution of the Commonwealth. Further, consistent with our duties under G. L. c. 278, § 33E, we have reviewed the entire record on the law and the evidence, and conclude that the defendant is entitled to no relief under that statute.

*Judgment affirmed.*

LIACOS, J. (concurring). I adhere to the views I expressed in *Commonwealth* v. *Sheppard*, 387 Mass. 488, 509 (1982) (*Sheppard I*) (Liacos and Abrams, JJ., concurring). I am gratified that the court no longer attaches significance to the supposed "good faith" of the magistrate and the police officers. Compare *Sheppard I, supra* at 503-505 & n.19, with my concurrence at 509-521. The court today takes the view that, where there has been essential compliance with the requirements of G. L. c. 276 and of art. 14, suppression of the evidence seized is not necessarily mandated. I agree that "because the search at issue was conducted as if the warrant had complied with constitutional and statutory requirements," *Commonwealth* v. *Sheppard, ante* 381, 391 (1985) (*Sheppard II*), suppression of evidence seized is not required under State law. Accordingly, I join the court in its opinion.

---

[9] The parties have debated whether the purposes of the exclusionary rule as a deterrent to illegal police conduct, and as protective of the integrity of the judicial process, are served by excluding evidence seized in a good faith and reasonable belief in the validity of a warrant.

LYNCH, J. (concurring). I concur in the result. In my dissent in *Commonwealth* v. *Sheppard*, 387 Mass. 488, 523 (1982) (*Sheppard I*), I concluded that the particularity requirement of the Fourth Amendment to the United States Constitution did not mandate suppression of the evidence seized in this case. The Supreme Court agreed, and held that "the exclusionary rule should not be applied when the officer conducting the search acted in objectively reasonable reliance on a warrant issued by a detached and neutral magistrate that subsequently is determined to be invalid." *Massachusetts* v. *Sheppard*, 468 U.S. 981, 987-988 (1984). See *United States* v. *Leon*, 468 U.S. 897, 906-907 (1984). Even if an exclusionary rule, which has escaped detection for 205 years, is now discovered in art. 14, I see no reason to formulate a different rule for its application in this Commonwealth.

In my dissent in *Commonwealth* v. *Upton, ante* 363, 380 (1985), (*Upton II*), I did not reach the issue whether G. L. c. 276 required the exclusion of evidence seized in the absence of probable cause, because I concluded that probable cause existed. Since I agree that G. L. c. 276 does not require exclusion in the circumstances of this case, I do not reach the issue of when, if ever, a violation of G. L. c. 276 requires the exclusion of evidence.