COMMONWEALTH vs. STEVEN P. McRAE.

No. 90-P-1526.

Plymouth. September 11, 1991. - November 20, 1991.

Present: ARMSTRONG, DREBEN, & GREENBERG, JJ.

*Constitutional Law*, Search and seizure, Probable cause. *Search and Seizure*, Affidavit, Probable cause. *Probable Cause.*

An affidavit in support of a sworn application for a search warrant, incorporating by reference an attached "wanted" form that included an assault victim's description of her attacker and a composite sketch, all presented to the issuing magistrate, sufficiently demonstrated probable cause for issuance of a warrant to search a named individual's apartment for items connected with the assault under investigation. [561-563]

INDICTMENTS found and returned in the Superior Court Department on March 14, 1988.

A pretrial motion to suppress evidence was heard by *George N. Hurd, Jr.*, J., and the cases were tried before *William H. Carey*, J.

*Yvonne P. Toyloy*, Committee for Public Counsel Services, for the defendant.

*Mary O'Sullivan Smith*, Assistant District Attorney, for the Commonwealth.

ARMSTRONG, J. Applications for search warrants and the accompanying affidavits, in the usual course, are drawn by often overburdened police officers, frequently in haste, and it is well settled that they are not to be subjected to " 'hypertechnical' scrutiny," *Commonwealth* v. *Wright*, 15 Mass. App. Ct. 245, 248 (1983)(quoting from *United States* v. *Ventresca*, 380 U.S. 102, 109 [1965]), as if they were professionally drawn legal documents, but rather are to be assessed in a common sense and realistic fashion. General Laws c. 276, § 2B, also requires, however, that probable

cause must be found, if at all, "within the four corners" of the affidavit required by that section, rather than by taking into consideration extraneous material, even if known to the police and imparted orally to the issuing magistrate. *Commonwealth* v. *Monosson*, 351 Mass. 327, 330 (1966). In this appeal the defendant, convicted of two offenses arising from a knife attack on the female victim, claims that evidence found in his residence — a brown leather jacket, three hats, and a folding buck knife — and seized pursuant to a search warrant should have been suppressed because the supporting affidavit by itself failed to make a showing either that those items were related to the crime being investigated or that they would probably be in the apartment searched.

The affidavit recites that the investigating officer, Smith, interviewed the victim, who described the attacker's appearance and the knife he carried (a folding buck knife or jackknife). The victim made no identification from several mugshot books, but participated in a composite drawing procedure, producing an image which another officer thought to resemble Steven McRae, the defendant. The affidavit recites that the defendant was then interviewed and denied owning a brown leather jacket, a buck knife or jackknife, or a knit ski cap. (Note that this is the first mention in the affidavit of a leather jacket or a knit ski cap.) The victim was then shown a photo array that included a photo of the defendant, and she identified him as her attacker. Officer Smith next talked with a confidential informant, not otherwise described, who related that the defendant did in fact own a brown leather jacket and a knit ski cap, that he carried a folding knife, and that he often walked late at night in the neighborhood where the victim was attacked. The affidavit concludes with Officer Smith's belief that the jacket, cap, and knife "may be found in the apartment listed or on [the] person of [the defendant]".

The principal problems with the affidavit, the defendant argues, are, first, that it fails to state a connection between the apartment to be searched and the defendant; second, that it fails to state the relevance of the brown leather jacket or

the ski cap, neither being mentioned in the affidavit as parts of the victim's description of the attacker; and, third, that the information supplied by the confidential informant did not meet the *Aguilar-Spinelli*[1] tests for reliability.

The search warrant application consisted of three documents: an application form, which, in part, referred to the place to be searched as, "104 Belmont Ave., Brockton, a (4) four family dwelling, lst floor rt side, 3 rms and bath, which is occupied by and/or in the possession of Steven Paul Mc-Rae"; the affidavit; and, as an attachment, the composite sketch appearing on a "wanted" form that includes the date, time, and place of the "occurrence," plus the following as the "Subject's Description: White male, between ages of 25-28, 5'10", 160 lbs., slim to medium build, dark curly shoulder-length hair. Subject was wearing a brown leather coat and a knit ski hat."

The application form, in our view, sufficiently stated the connection between the defendant and the apartment that was searched. The application form is itself subscribed by Officer Smith under penalties of perjury, and the affidavit's mention of "the apartment listed" had no other possible referent than the apartment listed on the application form. The situation is not different in principle from consideration by the issuing magistrate of multiple affidavits, sanctioned in *Commonwealth* v. *Saville*, 353 Mass. 458, 460 (1968), and *Commonwealth* v. *DiAntonio*, 8 Mass. App. Ct. 434, 441 (1979). The composite drawing "wanted" form was, in effect, incorporated by reference in the affidavit, which described its creation and referred to it as "(Attached)." Compare *Commonwealth* v. *Taylor*, 383 Mass. 272, 276-277 (1981); *Commonwealth* v. *Sheppard*, 387 Mass. 488, 500 & nn.11 & 12 (1982), rev'd, 468 U.S. 981 (1984), on remand, 394 Mass. 381 (1985); *Commonwealth* v. *Truax*, 397 Mass. 174, 179 & n.1 (1986); *Commonwealth* v. *DeCologero*, 19 Mass. App. Ct. 956, 958-959 (1985); *Commonwealth* v.

---

[1]*Aguilar* v. *Texas*, 378 U.S. 108 (1964). *Spinelli* v. *United States*, 393 U.S. 410 (1969). See *Commonwealth* v. *Upton*, 394 Mass. 363, 374-375 (1985).

*Bass*, 24 Mass. App. Ct. 972, 974-975 (1987). The "wanted" form contained more of the victim's description of the subject than had been recited in the affidavit proper; it referred to the leather jacket and the ski hat. But even if this were not true, the issuing magistrate could properly infer from the victim's having described the attacker to the police, coupled with their questioning the alleged attacker, when identified, as to his ownership of a brown leather jacket, a knit ski cap, and a folding knife, that these items had all, like the knife, been included in the victim's description and that the failure to state so expressly (as to the jacket and hat) in the affidavit was mere inadvertence. Compare *Commonwealth v. Cefalo*, 381 Mass. 319, 329-330 (1980). See also *Commonwealth* v. *Pellier*, 362 Mass. 621, 624-625 (1972)(which upheld a search warrant based on an affidavit that gave the street address of the apartment to be searched but omitted to tell which city). We need not consider the information supplied by the confidential informant; the affidavit sufficed without it.

It is accepted that "[i]n evaluating [an] affidavit, the information contained within it must be read as a whole and reasonable inferences are valid considerations." *Commonwealth* v. *Wright*, 15 Mass. App. Ct. at 248. See *Commonwealth* v. *Alessio*, 377 Mass. 76, 82 (1979). Subject to commonsense limitations and the usual rules for evaluating reliability, those considerations may include written, drawn, or printed information incorporated by reference, explicitly or implicitly, or even information on the application form, which, being sworn, is itself an affidavit. So long as the material is before the issuing magistrate, it does not violate the purpose of G. L. c. 276, § 2B, which has as a primary justification the preservation of a contemporary, written record of the basis on which the warrant was issued, and the avoidance of later reliance on possibly mushy recollections. See *Commonwealth* v. *Monosson*, 351 Mass. at 330; *Commonwealth* v. *Sheppard*, 394 Mass. at 388; *Commonwealth* v. *Truax*, 397 Mass. at 179. Here, the entire package — the sworn application, the sworn affidavit, and the incorporated composite

drawing form — was before the magistrate who issued the warrant. All were properly considered by the judge in reviewing after the fact the sufficiency of the showing of probable cause.

The passage of time from attack to search (twelve days) did not make too remote the inference that the attacker's clothing and knife would be found in his residence — particularly given the leeway employed in after-the-fact review of applications for warrants. See *Commonwealth v. Corradino*, 368 Mass. 411, 416 (1975); *Commonwealth v. Alessio*, 377 Mass. at 82.

We mention a question, not briefed, but raised in oral argument when the defendant's counsel noticed that one photocopy of the affidavit, which appears three times in the appendix, does not show the word "(Attached)" after the words "composite drawing." This suggests, she argues, that the composite drawing "wanted" form may not have been attached at all and thus should not be considered under principles of incorporation by reference. We cannot properly speculate as to the reason for the discrepancy in the photocopies. If it were critical, it would have to be considered by the trial court on a motion for a new trial under Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979). (At the suppression hearing it was accepted that the composite had been attached to the affidavit.) But, in our view, as earlier stated, the composite was not critical, the affidavit having sufficiently implied without it that the leather jacket and a ski cap were included in the victim's description of her attacker.

*Judgments affirmed.*